Herman L. HAMPTON, Appellant,

v.

William H. HUSTON, Superintendent, State Correctional Center, and Wilson L. Condon, Attorney General, State of Alaska, Appellees.

No. 6575.

Court of Appeals of Alaska.

Oct. 29, 1982.

---

Herman L. Hampton, pro se, Juneau, for appellant.

W.H. Hawley, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellees.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Herman Hampton was convicted of first degree murder and sentenced to life imprisonment. His conviction and sentence were affirmed on appeal. *Hampton v. State,* 569 P.2d 138 (Alaska 1977). Hampton then moved for post-conviction relief. Alaska R.Crim.P. 35(c). The motion was summarily denied and Hampton appeals. Hampton raises two issues: (1) whether his trial counsel was incompetent, depriving him of the effective assistance of counsel in violation of the state and federal constitutions, and (2) whether the prosecutor improperly commented on Hampton's constitutional right to remain silent during final argument. We have reviewed the record and have concluded that the case is not ripe for disposition at this time. Specifically, we hold that the trial court erred in ruling on Hampton's motion without a knowing, intelligent and voluntary waiver of counsel by Hampton and by ruling without determining that Hampton was competent to represent himself. The trial court also erred by summarily disposing of the case without giving the notice required by Criminal Rule 35(h)(2).

In *Donnelly v. State,* 516 P.2d 396, 399 (Alaska 1973), the supreme court effectively amended Criminal Rule 35(c) *sub silentio* and held that indigent prisoners seeking Rule 35 relief must be provided with counsel at the time their application is filed. In *McCracken v. State,* 518 P.2d 85 (Alaska 1974), the court recognized that a petitioner for post-conviction relief had a right to reject counsel and represent himself so long as his waiver of counsel was knowing, intelligent, and voluntary and the trial court was satisfied that the petitioner could competently represent himself. The record does not reflect that Hampton was ever offered counsel or that Hampton expressly waived counsel. While Hampton did indicate during oral argument a desire to proceed on his own behalf, his right to self-representation depends upon a determination of his competency in the trial court. *Id.* Such a determination should also address

the concerns articulated by the United States Supreme Court in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

■ Mandatory appointment of counsel for indigent persons seeking post-conviction relief in all cases absent a knowing, intelligent, and voluntary waiver, serves the policy articulated in Criminal Rule 35(j) that all grounds for relief available to an applicant are to be raised in a single application. By requiring counsel to carefully comb the record at the earliest practicable time to uncover possible errors, the rule prevents successive applications over an extended period of time during which witnesses disappear and evidence is destroyed.

■ Rule 35 allows two alternate methods for summary disposition of applications for post-conviction relief: (1) a motion by the state for summary judgment. *See* Criminal Rule 35(h)(3). Such a motion should only be granted under circumstances in which a Civil Rule 56 motion for summary judgment would be granted and, (2) a *sua sponte* determination by the court. The trial court is not obligated to dismiss an application *sua sponte* even if convinced it has no merit. Where the court elects to consider a petition summarily, it must give advance warning of its decision to the parties in a written order spelling out in some detail its reasons for concluding that the petition warrants summary disposition. Specifically, the applicant must be given an opportunity to reply to the proposed dismissal before it becomes final. The applicant cannot be expected to reply unless he knows the court's reasons for its prospective decision. *See* Criminal Rule 35(h)(2). It is particularly important that the court be specific in its tentative decision where the applicant is proceeding *pro se.*

The decision of the superior court dismissing Hampton's application for post-conviction relief is REVERSED and the case REMANDED for further proceedings consistent with this opinion.