OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The trial court’s failure to conduct a
 
 Gomberg
 
 inquiry
 
 (People v Gomberg,
 
 38 NY2d 307) was not reversible error. In
 
 *774
 
 the course of his preparation for trial, defendant’s counsel, a member of the Legal Aid Society, examined the confidential file of the People’s chief witness who was a client of another Legal Aid attorney on a prior unrelated charge. Defendant has not shown that this created a conflict of interest or even a significant possibility thereof
 
 (see, People v Lombardo,
 
 61 NY2d 97, 103).
 

 Unlike
 
 People v Mattison
 
 (67 NY2d 462) and
 
 People v McDonald
 
 (68 NY2d 1), no actual conflict was demonstrated in this case — only
 
 an
 
 indirect and distinctly remote possibility thereof. The prior unrelated charge on which the People’s witness was represented by a member of the Legal Aid Society had been dismissed a week before defendant’s trial began; defendant’s counsel was uninvolved in that matter or in any other matter involving the interests of the People’s witness; and counsel perceived no conflict and no loyalty owing to the witness. Moreover, counsel did, as he had assured the Trial Judge he would, conduct an extensive and vigorous cross-examination of the witness. He questioned the witness about his prior criminal activity and on the influence which dismissal of the witness’s prior criminal case was having on his testimony. Additionally, in his summation, counsel repeatedly attacked the witness’s honesty and credibility, and characterized him as a "drug addict” who was neither "upstanding” nor "forthright”. Indeed, if anyone’s interests were at risk in trial counsel’s representation of defendant, it was that of the witness whose confidential file had been examined.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.