**Lincoln D. ROBERTS, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–1911.

Court of Appeals of Alaska.

March 11, 1988.

Lincoln D. Roberts, pro se.

Nancy R. Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Lincoln D. Roberts was convicted of robbery in the second degree and criminal trespass in the first degree. In *Roberts v. State*, 680 P.2d 503 (Alaska App.1984), this court upheld his conviction and sentence. Roberts thereafter filed a *pro se* petition for *habeas corpus* with the superior court, alleging ineffective assistance on the part of both his trial and appellate counsel. The superior court treated the petition as an application for post-conviction relief. *See Knaub v. State*, 443 P.2d 44 (Alaska 1968). Upon motion by the state, and after notice of intent to Roberts, the superior court summarily denied the petition. Roberts appeals, reasserting the substantive issues he raised below and, in addition, contending that the superior court erred in summarily disposing of his claims.

■ On appeal, the state concedes that the superior court erred in dismissing Roberts' petition without either appointing counsel or securing an express waiver of counsel. We are obligated to make an independent determination whether the state's concession of error is supported by the record and has legal foundation. *Marks v. State*, 496 P.2d 66, 67–68 (Alaska 1972).

■ Roberts' petition for *habeas corpus* was his first attempt to raise a collateral challenge to his conviction. He therefore had a right to appointed counsel upon filing the petition.[1] *Donnelly v. State*, 516 P.2d 396, 399 (Alaska 1973); *Hampton v. Huston*, 653 P.2d 1058, 1059–60 (Alaska App.1982). Roberts would, of course, have

---

1. Roberts was represented by appointed counsel at trial and on direct appeal. He has been incarcerated since that time. There is nothing to suggest that his financial status has changed or that he would now be financially capable of retaining counsel.

the right to proceed without the benefit of counsel, provided that he knowingly, intelligently, and voluntarily waived his right to counsel. *See McCracken v. State*, 518 P.2d 85 (Alaska 1974); *Hampton v. Huston*, 653 P.2d at 1059. Here, however, no waiver of counsel appears of record, and no inquiry with respect to counsel was made by the superior court prior to dismissing the petition. The superior court's failure to either appoint counsel for Roberts or secure an express waiver from him prior to ruling on his petition was error. *Id.*

The superior court order summarily disposing of the petition is VACATED, and this case is REMANDED. Upon remand, the superior court should appoint counsel to assist Roberts. After Roberts has had an opportunity to consult with his court-appointed counsel, the superior court should ascertain whether he wishes to proceed *pro se* and, if so, whether he is competent to do so.