**Sidney R. HERTZ, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1588.**

Court of Appeals of Alaska.

May 6, 1988.

Sidney Hertz, pro se.

Charlene A. Lichtmann, Ramsey, Velasquez & Walker, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for the Alaska Public Defender Agency, as amicus curiae.

Brant McGee, Public Advocate, Anchorage, for Office of Public Advocacy, as amicus curiae.

Before BRYNER, C.J., SINGLETON, J., and BURKE, Supreme Court Justice.*

OPINION

SINGLETON, Judge.

Sidney R. Hertz was indicted for murder in the first degree. AS 11.41.100. Hertz

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

was convicted, following a jury trial, of the lesser-included offense of murder in the second degree. AS 11.41.110. Superior Court Judge J. Justin Ripley sentenced Hertz to forty years' imprisonment with no eligibility for parole until he had served twenty years. Hertz appealed, challenging his conviction and sentence. We affirmed. *Hertz v. State*, Memorandum Opinion and Judgment No. 1225 (Alaska App., September 10, 1986).

After his conviction, Hertz sought to file an application for post-conviction relief based on a claim that he had received ineffective assistance of counsel, pursuant to former Alaska Rule of Criminal Procedure 35(c).[1]

The Public Defender Agency represented Hertz at trial. The Office of Public Advocacy (OPA) represented Hertz on appeal. An OPA attorney investigated Hertz's post-conviction claims and concluded that they were meritless. She, therefore, refused to file a Rule 35(c) motion for Hertz based on those claims. She then sought to withdraw from representing Hertz in post-conviction relief proceedings. The trial court permitted counsel to withdraw. Hertz, however, never waived his right to counsel. Several times, Hertz requested that the court appoint counsel to aid him in pending proceedings. The trial court refused these requests. Eventually, Hertz filed his post-conviction application *pro se.* The application was summarily denied in compliance with *Wood v. Endell*, 702 P.2d 248, 249–50 (Alaska App.1985); *Hampton v. Huston*, 653 P.2d 1058, 1060 (Alaska App.1982). Hertz now appeals.

## DISCUSSION

We consider a single issue dispositive of this appeal: May an attorney, appointed to represent an indigent in bringing his or her first application for post-conviction relief based on alleged ineffective assistance of counsel, be permitted to withdraw on the basis that there are no nonfrivolous issues to be presented to the court if the indigent is unwilling to forego his or her application? In order to assist us in resolving this issue, we permitted *amicus curiae* briefs to be filed by the Alaska State Public Defender Agency and the Alaska State Office of Public Advocacy.

We have thoroughly considered the record in this case and the arguments of counsel. Since this was Hertz's first post-conviction application, we conclude that the attorney from OPA should not have been permitted to withdraw in this case without presenting Hertz's claims of ineffective assistance to the trial court.[2] We therefore remand this case to enable Hertz to have the assistance of counsel in presenting his application for post-conviction relief. We express no opinion regarding the merits of that application.

The constitutional right to the assistance of counsel requires that counsel be appointed to represent an indigent at trial. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to counsel extends to a first appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963). There is no federal constitutional right to counsel in connection with an application for post-conviction relief. *Pennsylvania v. Finley*, — U.S. —, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). It has been suggested, however, that the Alaska Constitution guarantees a right to counsel in post-conviction proceedings. *Nichols v. State*, 425 P.2d 247 (Alaska 1967). Yet, in

---

1. Former Alaska Criminal Rule 35(c) was eliminated and replaced by Criminal Rule 35.1, effective August 1, 1987. Rule 35.1 now establishes post-conviction relief procedure. *See* Supreme Court Order No. 822 (April 22, 1987).

2. Counsel apparently felt that Hertz's claims were meritless, and that it would be unethical to present them. *See* Alaska R.Civ.P. 11 (binding in criminal cases under Alaska Criminal Rule 50(b)). It does not appear, however, that counsel was expected to fabricate evidence or suborn perjury. Clearly, counsel should not be required to take such actions. Moreover, our conclusion that counsel's motion to withdraw should have been denied relieves counsel of the responsibility imposed by Rule 11. *See Coleman v. State*, 621 P.2d 869, 881–83 (Alaska 1980), *cert. denied*, 454 U.S. 1090, 102 S.Ct. 653, 70 L.Ed.2d 628 (1981).

*Nichols,* the justices of the supreme court were not able to agree as to the basis for such a right. In subsequent cases, the supreme court has indicated that an indigent defendant's right to the appointment of counsel in presenting his or her first application for post-conviction relief is based solely on the rules of criminal procedure. *McCracken v. State,* 518 P.2d 85, 88 n. 2 (Alaska 1974); *Donnelly v. State,* 516 P.2d 396 (Alaska 1973). *See also Roberts v. State,* 751 P.2d 507 (Alaska App., 1988); *Hampton,* 653 P.2d at 1059–60.

■ In this case, we are asked to determine what procedures should be followed by the trial court when, after careful review of the record, appointed counsel concludes that there are no nonfrivolous issues worthy of presentation, and counsel is unable to persuade the defendant either to withdraw the application for post-conviction relief or to waive counsel and proceed *pro se* in the manner required by *McCracken,* 518 P.2d at 91–92. *See also Faretta v. California,* 422 U.S. 806, 835–36, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). Hertz and the state argue that the trial court should require counsel to follow the procedure established in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders,* the United States Supreme Court held that when an attorney appointed to represent an indigent defendant on direct appeal finds a case wholly frivolous:

> [H]e should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

386 U.S. at 744, 87 S.Ct. at 1400.

In contrast, the state Public Defender Agency and OPA, as *amici curiae,* argue against implementation of *Anders* in post-conviction relief proceedings. They point out that the *Anders* procedure was premised on federal constitutional law, and that under *Finley* there is no federal constitutional right to an attorney in post-conviction relief proceedings. Moreover, they vigorously argue that imposition of an *Anders* procedure would place an enormous burden upon their agencies and would detract from their ability to represent clients in nonfrivolous cases.

*Amici curiae* assert that public knowledge that the *Anders* procedure would be required before appointed counsel were permitted to withdraw would substantially detract from counsels' ability to discourage their clients from filing frivolous petitions. They note that a substantial number of indigent defendants are informally advised of their postconviction relief rights without a formal appointment of counsel by the court. Should an *Anders* procedure be followed, counsel would have to prepare each of these cases in anticipation of a future petition for post-conviction relief. Some form of court monitoring would be required. In its brief, the Public Defender Agency concluded:

> The inevitable consequence of requiring more work in frivolous cases is to detract from the attorney time and other resources available for nonfrivolous cases. The legislature will not foreseeably increase the Agency's budget so that more resources may be devoted to cases even avid defense attorneys believe are frivolous.

Additionally, *amici curiae* point out that the *Anders* procedure would place a similar burden on the court. The *Anders* procedure requires the court to independently search through the whole record for errors. The court may not focus narrowly on the few points specifically raised in the petition for post-conviction relief or in the *Anders* brief filed by appointed counsel. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Also, the record in an *Anders* case is the appellate record, consisting of a transcript of the proceedings and the trial court's file. In contrast, the record in a post-conviction relief proceeding also includes trial counsel's notes, police reports, witness inter-

views, and miscellaneous materials which may be voluminous in quantity and virtually unintelligible in form. The *Anders* procedure would therefore be more burdensome if applied to proceedings for post-conviction relief.

Finally, *amici curiae* argue that defense attorneys are placed in a conflict of interest situation under *Anders*, since they are effectively briefing the case against their clients. They argue that it would be better to apply an *ad hoc* procedure in which the trial court can determine in each individual case the procedure that is most likely to ensure effective assistance of counsel in post-conviction relief proceedings. This approach would also relieve the court and counsel from time consuming hearings in hopeless cases.

We are not prepared to adopt either the position advanced by Hertz and the state, or the position advanced by *amici curiae*. We agree that the *Anders* procedure should not be adopted for the reasons previously outlined. We are also satisfied, however, that counsel should not be permitted to withdraw based on a claim that there are no nonfrivolous issues. Such a claim lacks the judicial supervision necessary to ensure that defendants receive the effective assistance of counsel in presenting their applications for post-conviction relief guaranteed by *McCracken* and *Donnelly*.

We believe that the best resolution of this issue is simply to require denial of counsel's motion to withdraw when it is based on the contention that a litigant's first petition for post-conviction relief alleging ineffective assistance of counsel is frivolous. Hertz could not be required to proceed pro se unless he knowingly, intelligently, and voluntarily waives counsel; he was unwilling to do so. *See Roberts*, at 507–08. Consequently, Hertz was entitled to assistance of counsel in filing his post-conviction application, and counsel should not have been permitted to withdraw.

We are satisfied that once an attorney has carefully researched and evaluated a defendant's contention, he or she would expend very little additional time and effort incorporating those contentions into affidavits for consideration by the court, accompanied by a memorandum of applicable law. We do not require counsel to fabricate evidence or overlook perjury. Nor are we suggesting that counsel should be doomed to unnecessary evidentiary hearings. The supreme court has pointed out that the applicable rules provide for summary adjudication of applications when they are insufficient on their face and for summary judgment when they are insufficient on the facts. *Donnelly*, 516 P.2d at 398–400. We simply hold that the court, rather than counsel, must determine the merits of Hertz's position.

Our decision in this case makes it necessary for us to remand this case to the trial court so that Hertz will have the assistance of counsel in presenting his contentions.[3]

The judgment of the superior court is VACATED, and this case is REMANDED for further proceedings.[4]

---

**3.** In *Jones v. Barnes,* 463 U.S. 745, 753–54, 103 S.Ct. 3308, 3313–14, 77 L.Ed.2d 987 (1983), the Supreme Court held that defense counsel, assigned to prosecute an appeal from a criminal conviction, does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *A fortiori,* it would appear that counsel has no constitutional duty to raise issues he or she considers frivolous. *Jones,* however, is not inconsistent with the rule we announce today for three reasons. First, *Jones* involved an initial appeal. Hertz has had an initial appeal which was resolved against him. Here, we are concerned with an application for post-conviction relief. Alaska Criminal Rule 35.1(d) contemplates that all issues be combined and argued in a single proceeding, and Rule 35.1(h) imposes penalties if issues are over-

looked. *See Jones,* 463 U.S. 754–55, 103 S.Ct. at 3314 (Blackmun, J., concurring) (suggesting why *Jones* should not apply to applications for post-conviction relief). Second, *Jones* selected some issues to pursue and rejected others. In this case, counsel found no issues to pursue and sought to withdraw. Third, Hertz's rights flow from a criminal rule as interpreted in past cases, not from the state or federal constitutions.

**4.** Hertz argues that he was deprived of his right to effective assistance of counsel as a result of a conflict of interest. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). He was represented by an attorney from the Anchorage Office of the Public Defender Agency in his criminal trial. Prior to trial, on April 6,

BRYNER, C.J., concurs.

COATS, J., not participating.

BRYNER, Chief Judge, concurring.

I join in the opinion of the court, but add these comments to clarify what I understand to be the basis and scope of our ruling. In *Donnelly v. State*, 516 P.2d 396 (Alaska 1973), the Alaska Supreme Court held that an indigent person who has been convicted of a crime and whose conviction has been affirmed on appeal has the right to appointed counsel for purposes of preparing and litigating an initial post-conviction relief application. Inasmuch as the supreme court has decided that representation by counsel is a matter of right, there is simply no basis for concluding that post-conviction relief applicants should receive anything less than the full, effective assistance of counsel that is constitutionally guaranteed. *See Evitts v. Lucey*, 469 U.S. 387, 400–402, 105 S.Ct. 830, 838–39, 83 L.Ed.2d 821 (1985). Accordingly, an attorney appointed as counsel for a post-conviction relief applicant cannot decline representation based merely on a personal conclusion that no meritorious grounds exist. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Nor can withdrawal be allowed under *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). That case holds that competent counsel need not raise all arguable legal issues on appeal and leaves to counsel, rather than the defendant, the tactical choice of which issues to assert. The decision to raise no issue at all in a post-conviction relief application is clearly not the type of tactical choice contemplated by the Court in *Jones*.

It would of course be possible for this court to adopt a procedure allowing counsel to withdraw upon making the type of showing required in *Anders*. We have elected instead to require counsel to provide representation, even when, in counsel's view, no nonfrivolous grounds for relief exist. Our decision to follow this course is supported by two closely related considerations. First, because applications for post-conviction relief typically raise claims that have not previously been raised or litigated, any conclusion that a potential claim is frivolous may well be premature until an application has been filed and the opportunity for formal discovery has arisen. *See Donnelly v. State*, 516 P.2d at 398 n. 4. Second, if a formal application is filed and there in fact proves to be no underlying merit to the claim, the application itself will act as the functional equivalent of an *Anders* brief, because summary disposition of the application will be appropriate and no hearing will be necessary. *Donnelly*, 516 P.2d at 398–99. There is thus little need to add an *Anders* procedure to the existing

1984, he requested the removal of the Public Defender Agency on the ground that there was a conflict of interest. He reasoned that there was a conflict because a different public defender from the Bethel office of the Agency was representing his ex-wife in child in need of aid proceedings. It does not appear, however, that any actual conflict of interest adversely affected trial counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *LaPierre v. State*, 734 P.2d 997, 1003–04 (Alaska App.1987). Hertz argues that the principles of professional ethics provide that if one lawyer in a firm is disqualified, no partner or associate of that firm may handle the case. *See Aleut Corp. v. McGarvy*, 573 P.2d 473, 476 (Alaska 1978). He argues that the Public Defender Agency is a single statewide firm and must be subject to the same standards as a private law firm, relying on *McKinnon v. State*, 526 P.2d 18, 22 (Alaska 1974). *LaPierre* would appear inconsistent with this position. There is no Alaska case holding that if a single public defender has a conflict of interest the entire agency is disqualified. We recognize, however, that there is a conflict of authority nationwide on this point. *Compare, Commonwealth v. Westbrook*, 484 Pa. 534, 400 A.2d 160 (1979); *Babb v. Edwards*, 412 So.2d 859 (Fla. 1982) (apparently treating public defender agencies as private law firms for purposes of conflict of interest) *with United States v. Judge*, 625 F.Supp. 901 (Hawaii 1986); *People v. Banks*, 121 Ill.2d 36, 117 Ill.Dec. 266, 520 N.E.2d 617, 42 Cr.L. 2216 (Ill.1987); *People v. Perez*, 70 N.Y.2d 773, 521 N.Y.S.2d 215, 515 N.E.2d 901 (1987); *State ex rel. Public Defender Comm'n v. Bonacker*, 706 S.W.2d 449 (Mo.1986); *State v. Bell*, 90 N.J. 163, 447 A.2d 525, 527–29 (1982) (holding that the private law firm analogy is inappropriate and that public defender conflicts of interest should be determined on a case-by-case basis under the standards articulated in *Strickland*). Which of these views is most persuasive and ought to be adopted in Alaska should be decided after briefing in the trial court.

rule governing post-conviction relief applications.

One final point deserves emphasis. Our decision addresses the circumstances presented in the case before us—a case in which counsel did not file or assist in prosecuting the post-conviction relief application below. I do not construe this court's opinion to express any view concerning the appropriate procedure for withdrawal of counsel when the superior court has ruled on a post-conviction relief petition and counsel determines that there are no non-frivolous issues for appeal. As I understand it, we do not foreclose the possibility of adopting an *Anders* procedure to allow withdrawal at that stage. Similarly, in cases arising under *Barry v. State*, 675 P.2d 1292 (Alaska App.1984)—where ineffective assistance of counsel is one of several issues on direct appeal but must first be developed by post-conviction relief proceedings or a motion for a new trial in the trial court—our decision does not foreclose the possibility that appellate counsel may be permitted to make a tactical choice to forego the ineffective assistance of counsel issue on appeal if other more persuasive grounds for appeal exist. *See Jones*, 463 U.S. at 751–53, 103 S.Ct. at 3312–13.