**George M. PARKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2590.**

Court of Appeals of Alaska.

Sept. 8, 1989.

Susan Orlansky, Asst. Public Defender, and John B. Salemi, Acting Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

George M. Parker was convicted in 1983 of sexual assault in the first degree, AS 11.41.410(a)(3). We affirmed his conviction on direct appeal in *Parker v. State,* Memo-

randum Opinion and Judgment No. 666 (Alaska App., August 15, 1984). Parker thereafter filed an application for post-conviction relief, which the superior court summarily dismissed. In *Parker v. State*, Memorandum Opinion and Judgment No. 1311 (Alaska App., January 14, 1987), we vacated the dismissal and remanded for further proceedings in light of *Hampton v. Huston*, 653 P.2d 1058 (Alaska App.1982).

On remand, Parker narrowed the scope of his application, asserting three issues: first, that his trial counsel provided ineffective assistance by failing to call character witnesses to vouch for Parker's truthfulness; second, that the trial court violated Parker's confrontation right by allowing hearsay statements of the victim, Q.M., to be admitted at trial; and, third, that Parker's trial counsel was ineffective in failing to object on confrontation grounds to the admission of Q.M.'s hearsay statements.

The superior court thereafter directed Parker to "finalize his application, including a request for evidentiary hearing if deemed appropriate...." The court further directed the state to "either concede or oppose the issues raised [in the finalized application], including the necessity for an evidentiary hearing...." Parker responded that his application was final and that he would not request an evidentiary hearing unless the state opposed the allegations of his application: "As previously stated, defendant does not at this time request an evidentiary hearing. He has submitted an affidavit essentially as an offer of proof.

If the state elects to oppose defendant's application by contesting the facts set forth in the affidavit, then defendant will request an evidentiary hearing."

The state followed with a "motion for summary judgment." In an accompanying memorandum of law, the state argued that Parker had failed to make a *prima facie* showing that his counsel was ineffective and that he had forfeited his right to raise the confrontation claim by failing to raise the issue of confrontation at trial or on direct appeal. Parker replied with a memorandum of law in which he opposed the state's motion for summary judgment and countered that he was entitled to judgment as a matter of law.

On April 14, 1988, the superior court issued an order adopting the state's arguments and summarily dismissing Parker's application. Parker appeals, challenging the court's order of dismissal and contending that his application for post-conviction relief should have been granted. We affirm.

Alaska Criminal Rule 35.1 (formerly Rule 35(c) *et seq*), governs post-conviction relief applications. We have recently described this rule as establishing a three-phase process, the first phase involving the filing of the application and the assessment of its sufficiency to set out a *prima facie* case for relief, the second phase involving discovery and review for genuine issues of disputed fact, and the third involving the evidentiary hearing and formal resolution of disputed facts.[1]

---

1. *See State v. Jones,* 759 P.2d 558, 565–66 (Alaska App.1988):

   Applications for post-conviction relief are governed by Alaska Criminal Rule 35.1. The rule contemplates three distinct phases in the adjudication of a post-conviction relief action. The first phase commences with the filing of the application. Alaska R.Crim.P. 35.1(d). When the application, together with its supporting documentation, sets out a *prima facie* case for relief, the state is called upon to respond on the merits within thirty days. The response may be analogized to the answer in a civil case. *See* Alaska R.Civ.P. 12(a). Both the application and the response must be supported by relevant affidavits, documents, and references to the trial record. Alaska R.Crim.P. 35.1(f)(1).

   When an application for post-conviction relief appears to be deficient on its face, the state, in lieu of responding to its merits, may file a motion to dismiss—the equivalent of a Civil Rule 12(c) motion for judgment on the pleadings. *See* Alaska R.Crim.P. 35.1(f)(1). When a motion to dismiss is filed, the trial court must determine the adequacy of the application on its face. If the court preliminarily concludes that a *prima facie* case for relief has not been stated, it must issue a notice of intent to dismiss and allow the applicant sufficient time to respond or to amend or supplement the original application. *See* Alaska R.Crim.P. 35.1(f)(2); *Wood v. Endell,* 702 P.2d 248, 249–50 (Alaska App.1985); *Hampton v. Huston,* 653 P.2d 1058, 1060 (Alaska App.1982). If the applicant fails to correct the deficiencies in the original pleading, the

In the present case, although the state filed a pleading denominated "Motion for Summary Judgment," its motion was in effect a motion for judgment on the pleadings, since it challenged the adequacy of Parker's application on its face, alleging that the facts asserted in Parker's application would not warrant relief, even if true. Parker countered with what was in effect his own motion for a judgment on the pleadings, arguing that, because the state apparently did not dispute the factual allegations of the application, he was entitled to relief as a matter of law.

In summarily denying Parker's application, the superior court appears to have accepted *arguendo* the factual allegations set forth by Parker, ruling as a matter of law that, even if deemed true, they would not entitle Parker to relief. Our review on appeal will thus be restricted to assessing the sufficiency of Parker's pleadings, on their face, to make out a *prima facie* case for post-conviction relief.

Parker first contends that his trial counsel was ineffective in failing to call character witnesses to vouch for his credibility. In a supporting affidavit submitted by his current attorney, Parker listed eight individuals capable of testifying to his truthfulness. Although it is not clear from the affidavit, it appears that all of these individuals would have been available at the time of Parker's trial; at least two were actually subpoenaed to testify but were not called.

The list of eight potential witnesses arguably suffices to establish that relevant character evidence was available to Parker's trial counsel but was not used. In itself, however, such a showing falls far short of establishing a *prima facie* claim of ineffective assistance of counsel. Parker's trial counsel is presumed to have acted competently, and Parker bears the burden of setting out factual allegations that would warrant a contrary conclusion. *State v. Jones*, 759 P.2d 558, 567–70 (Alaska App.1988). As we held in *Jones*, 759 P.2d at 569: "An integral component of the presumption of competence is the further presumption that trial counsel's actions were motivated by sound tactical considerations."

In the present case, Parker's original application, and his counsel's subsequent affidavit in support thereof, failed to allege that trial counsel's failure to call character witnesses was not a sound tactical decision. Parker failed to set forth any facts in support of his allegation that trial

court may then dismiss the action. Conversely, if the application—either in its original form or as augmented following notice of intent to dismiss—sets out facts which, if true, would entitle the applicant to the relief claimed, then the court must order the case to proceed and call upon the state to respond on the merits. Alaska R.Crim.P. 35.1(f)(2).

The filing of a response on the merits by the state commences the second phase of the post-conviction relief proceeding. This stage is designed to provide "an orderly procedure for the expeditious disposition of *non-meritorious* applications ... without the necessity of holding a full evidentiary hearing." *Fajeriak v. State*, 520 P.2d 795, 798 (Alaska 1974) (footnote omitted). The rule does so by allowing the parties an opportunity to ascertain whether any genuine issues of material fact actually exist. To this end, Criminal Rule 35.1(f)(3) and (g) place the full range of discovery mechanisms at the disposal of the parties. At any time during this phase, either party may move for summary disposition—a motion in substance identical to a Civil Rule 56 motion for summary judgment. Summary disposition may be granted when no genuine issues of material fact are in dispute and when, under the undisputed facts, the moving party is entitled to judgment as a matter of law. *See Fajeriak*, 520 P.2d at 798; *Donnelly v. State*, 516 P.2d 396, 398–99 (Alaska 1973). *See also Barry [v. State]*, 675 P.2d [1292] at 1296 [ (Alaska App.1984) ].

The final phase of a post-conviction relief proceeding is the evidentiary hearing, as provided for under Criminal Rule 35.1(g). A hearing is required when, upon completion of the discovery and summary disposition phase, genuine issues of material fact remain to be resolved. *See Fajeriak*, 520 P.2d at 798. If the disputed issues involve facts within the personal knowledge of the applicant, the applicant's presence is required; otherwise, the applicant need not appear. *Id.* at 803. *See also* IV *Standards for Criminal Justice* § 22–4.6 (Approved Draft 1978). At the conclusion of the hearing, the court is required to enter findings of fact and conclusions of law disposing of all issues raised; the court's order operates as a final judgment. Criminal Rule 35.1(g). *See also* IV *Standards for Criminal Justice* § 22–4.7.

counsel's failure to call character witnesses was not a sound tactical decision. In a memorandum filed with the superior court, Parker's current counsel did advance the conclusory assertion that there could be no sound reason for trial counsel's failure to call character witnesses. However, the argument is unpersuasive. The affidavit of Parker's current counsel, filed in support of the application for post-conviction relief, establishes that Parker's trial counsel, when contacted, remembered that there was a reason why the character witnesses were not called but could not recall what the reason was. Far from establishing a lack of sound tactical choice, this is a clear indication that the failure to call character witnesses was indeed tactical.

▮ Parker nevertheless contends that his counsel's inability to recall the precise reason why character witnesses were not called indicates disingenuousness. He contends that, to require him to prove more than he has already proven would pose an insurmountable obstacle. We disagree.

There is nothing inherently incredible or disingenuous in the statement of Parker's trial counsel. Indeed, we note that, according to the affidavit of Parker's current counsel, Parker himself acknowledges that a conscious decision was made not to call the character witnesses. Like his trial counsel, Parker is apparently unable to recall precisely why that decision was made.[2] Apart from pointing out his trial counsel's inability to remember the precise reason for failing to call character witnesses, Parker's application sets out no facts to rule out the possibility that the decision was a sound tactical choice.

In effect, Parker has taken the position that, absent an affirmative explanation for his trial counsel's election to forego presenting character witnesses, his trial counsel's performance should be deemed incompetent. This position misallocates the applicable burden of proof and has been squarely rejected. As the Alaska Supreme Court held in *Merrill v. State*, 457 P.2d 231, 234 (Alaska 1969), *overruled on other grounds Donnelly v. State*, 516 P.2d 396 (Alaska 1973):

> If the record of a post-conviction hearing is silent with regard to an issue and the witnesses are unable to remember, the state has not failed to substantiate its case; to the contrary, the prisoner has failed in his collateral attack on the judgment of conviction.

In *Jones*, 759 P.2d at 569, we held:

> In the absence of evidence ruling out the possibility of a tactical reason to explain counsel's conduct, the presumption of competence remains unrebutted and operates to preclude a finding of ineffective assistance.

Parker has alleged no facts to establish that his trial counsel's decision was incompetent—"that is, a tactic that no reasonably competent attorney would have adopted." *Jones*, 759 P.2d at 570. Thus, Parker's application and the documents submitted in support thereof fail to state a *prima facie* case for relief. Assuming the facts alleged in the application to be true, they would not warrant the conclusion that Parker was entitled to relief. Accordingly, we conclude that the superior court did not err in finding that Parker's application failed to state a claim of ineffective assistance of counsel with regard to his trial counsel's failure to call character witnesses.

Parker's two remaining claims are interrelated. He contends that he was denied his right to confrontation by the admission of evidence concerning hearsay statements made by Q.M. Q.M. did not testify. Parker argues, and the state concedes,[3] that admission of Q.M.'s statements

---

**2.** The affidavit of Parker's current counsel states, in relevant part: "Both Mr. Parker and [his trial counsel] recall that at least two of the above people were present at the trial and available to testify. Both remember that a decision was made not to call character witnesses, but neither ... now recalls the basis for that decision."

**3.** In denying Parker's application for post-conviction relief, the superior court concluded, in part, that Q.M.'s statements were admissible under exceptions to the hearsay rule. As to the two crucial out-of-court statements in which Q.M. identified Parker as having sexually molested her, the state has conceded error and has acknowledged that no exception to the hearsay

would have violated Parker's right to confrontation unless Q.M. was unavailable to testify and the circumstances surrounding her out-of-court statements provided adequate assurance of their reliability. *See generally Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *Cf. United States v. Inadi,* 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986) (indicating that unavailability may not be required in all cases). Parker complains that Q.M.'s unavailability was never established and that no determination was made that her hearsay statements were made under circumstances sufficiently reliable to avoid confrontation problems.

Parker acknowledges that his trial counsel failed to object on confrontation grounds to the evidence of Q.M.'s out-of-court statements. As a separate claim of error, however, he contends that his attorney's failure to object amounted to ineffective assistance of counsel. As to both issues that Parker seeks to raise—the substantive confrontation claim and the derivative ineffective assistance of counsel argument—we conclude that the application for post-conviction relief and its supporting documentation are insufficient on their face to justify relief.

■ We first address the confrontation issue. Because Parker did not make an objection based on confrontation at trial, he is precluded from asserting the confrontation argument in his post-conviction relief application unless he establishes either plain error or cause and prejudice for his procedural default in the trial court.[4] *See Marrone v. State,* 653 P.2d 672, 675–76 (Alaska App.1982). The facts set out in Parker's application and the various plead-ings filed in support thereof do not support a finding of either plain error or cause and prejudice.

Because Parker did not object on confrontation grounds at trial, the trial court did not expressly determine whether Q.M. was unavailable as a witness or whether her out-of-court statements were made under circumstances that guaranteed their accuracy. The critical issue is whether the court committed plain error in admitting Q.M.'s hearsay statements without addressing these issues *sua sponte.*

It was certainly not plain error for the court to allow Q.M.'s statements to be admitted without an express finding of unavailability. Q.M. was four years of age at the time of the trial. Parker was the one who initially questioned her competence to testify. In response, a hearing was held out of the presence of the jury. During the hearing, Q.M. was unable to give a meaningful answer to any of the questions put to her. The issue of Q.M.'s competence was left open at that time, and it was never specifically ruled upon, because the state elected not to call Q.M. as a witness.

Given the totality of the circumstances, the trial court would have been entirely justified in concluding that Q.M. was in fact incompetent and therefore unavailable to testify, and in further concluding that Parker's failure to insist on a determination of Q.M.'s unavailability stemmed from his acceptance of her apparent incompetence. For plain error to occur, the error must be obvious—that is, it must be an error that an attorney or a trial judge should have noticed *sua sponte. Potts v. State,* 712 P.2d 385, 390 (Alaska App.1985); *Carman v. State,* 658 P.2d 131, 137 (Alas-

rule was applicable. The superior court's error in concluding that the statements were admissible under exceptions to the hearsay rule is immaterial, however, since the court's order denying post-conviction relief can be affirmed on independent legal grounds. *See Rutherford v. State,* 605 P.2d 16, 21 n. 12 (Alaska 1979).

4. The state contends, and the superior court found, that Parker's failure to assert his confrontation claim on direct appeal independently works a forfeiture of his right to raise the issue in his application for post-conviction relief.

Neither this court nor the Alaska Supreme Court has ever held that an otherwise valid claim for post-conviction relief is forfeited by an applicant's failure to assert it on direct appeal. *See, e.g., McCracken v. Corey,* 612 P.2d 990, 992 (Alaska 1980); *Merrill v. State,* 457 P.2d at 235–39. *See also* Alaska R.Crim.P. 35.1(h). Since we conclude that Parker forfeited his claim by failing to make a timely objection at trial, we need not decide whether his failure to raise the issue on appeal would, standing alone, have amounted to a forfeiture.

ka App.1983). Because there was no realistic indication that Q.M.'s incompetency to testify was actually disputed, plain error cannot be predicated on the trial court's failure to make an express finding of unavailability.

Likewise, plain error cannot be attributed to the court's failure to make a finding of reliability before allowing Q.M.'s out-of-court statements to be used. We note that other courts have found similar statements made under similar circumstances to be sufficiently reliable to avoid confrontation clause problems. *See, e.g., United States v. Dorian,* 803 F.2d 1439 (8th Cir.1986); *United States v. Nick,* 604 F.2d 1199 (9th Cir.1979). *See also Drumbarger v. State,* 716 P.2d 6 (Alaska App. 1986). These cases serve to demonstrate that the unreliability and consequent inadmissibility of out-of-court statements such as those attributed to Q.M. in the present case are hardly obvious matters that a trial court should be expected to act upon *sua sponte.*

Parker's post-conviction relief application discloses no additional facts to warrant a finding of plain error. Parker nonetheless argues that, even if plain error has not been established, he has shown cause and prejudice for his counsel's failure to advance a confrontation clause objection below. Parker's argument is twofold. Initially, he contends that his trial counsel's failure to object on confrontation grounds is excused because, when Q.M.'s statements were admitted, the state had not yet decided to refrain from calling Q.M. as a witness. Parker reasons that, because his trial counsel could have believed that Q.M. would be called as a witness, he could reasonably have concluded that a confrontation clause objection would be premature and that his only recourse at the time was to object on hearsay grounds.

We agree that the uncertainty concerning Q.M.'s status as a potential witness might explain and excuse trial counsel's failure to make a confrontation clause objection in the first instance. This would provide no explanation or excuse, however, for counsel's failure to return to the matter and seek to have Q.M.'s statements stricken at the end of the state's case, when it became apparent that Q.M. would not be called. Accordingly, the explanation offered by Parker does not support the conclusion that there was good cause to excuse his trial counsel's procedural default.

Parker's second cause and prejudice argument is that his counsel was ineffective in failing to object on confrontation grounds and that his ineffectiveness excuses the procedural default. *See Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). This argument hinges on Parker's claim that his trial counsel was in fact ineffective in failing to object on confrontation grounds—a claim that Parker has asserted as a separate basis for post-conviction relief.

As with his claim that trial counsel was incompetent in failing to call character witnesses, however, Parker has neglected to set out facts ruling out the possibility that his counsel's conduct was motivated by sound tactical considerations. Parker asks us to assume that his trial counsel's failure to object on confrontation grounds was not tactical, merely because his counsel objected to the admission of Q.M.'s out-of-court statements on hearsay grounds. Parker reasons that no logical tactic could have led his trial counsel to object on grounds of hearsay but not confrontation.

Yet, as Parker himself has acknowledged, an objection on confrontation grounds would have been premature when Q.M.'s hearsay statements were initially introduced and when Parker initially objected on hearsay grounds. It is entirely conceivable that, as the trial progressed and it became apparent that the state did not plan to call Q.M., Parker's trial counsel might have elected not to broach the confrontation issue, fearing that the state would reconsider its position and seek to have Q.M. testify. It seems quite possible that Parker's trial counsel believed it preferable to accept the cryptic hearsay statements attributed to Q.M. rather than run the risk of having Q.M. appear before the jury as a live witness.

It is unnecessary to determine whether this was in fact what motivated Parker's trial counsel in failing to raise the issue of confrontation. It is sufficient to note that this is a potential explanation for trial counsel's conduct. There may be other equally plausible explanations. The point is that Parker has presented no facts to rule out the possibility of a sound tactical choice. In the absence of factual allegations to establish that his counsel's failure to object was not tactical, or that his tactical decision was unsound, Parker's application for post-conviction relief is deficient and fails to state a claim that will warrant relief. *State v. Jones*, 759 P.2d at 570.

Because Parker's post-conviction relief application and its accompanying documents fail to allege facts which, if true, would support the conclusion that his trial counsel performed ineffectively, the superior court did not err in summarily disposing of Parker's ineffective assistance of counsel claims. Similarly, because the post-conviction relief application failed to establish plain error with respect to Parker's confrontation clause argument, and because Parker made no adequate showing of cause to excuse his trial counsel's failure to object, the superior court properly concluded that Parker was precluded from arguing the issue of confrontation in his application.

Accordingly, the superior court's order summarily dismissing Parker's post-conviction relief application is AFFIRMED.