■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BURKS, Appellant. [596 NYS2d 118] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered January 23, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of controlled substance in the third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The delay in furnishing defense counsel with a copy of the handwritten notes of the undercover officer who purchased the cocaine from the defendant did not prejudice the defendant. Where there has been a delay in furnishing the defendant with Rosario material, reversal is required only if the defense is substantially prejudiced by the delay (see, People v Martinez, 71 NY2d 937; People v Ranghelle, 69 NY2d 56).

Here, defense counsel was provided with a copy of the handwritten notes at issue in time for effective use of the notes. The defense counsel cross-examined the undercover officer extensively on the disparity between his prior description of the seller as contained in the handwritten notes and the defendant's actual physical appearance. Thus, no substantial right of the defendant was prejudiced by the delay in producing the Rosario material.

Further, the defendant was not denied the effective assis-

tance of counsel because his counsel had on a prior occasion represented one of the prosecution witnesses in an unrelated criminal proceeding. The defendant has failed to show that a "conflict of interest or even a significant possibility thereof" existed (People v Perez, 70 NY2d 773, 774, citing People v Lombardo, 61 NY2d 97, 103).

The record shows that the defense counsel did not realize that he had previously represented the witness in an unrelated criminal proceeding until long after the conclusion of his testimony. Indeed, the defense counsel effectively cross-examined the witness on the circumstances surrounding the alleged sale, his alleged introduction of the undercover officer to the defendant, his use of various aliases, and the fact that he was paid $50 for what he did. Since the defense counsel did not realize that he had on a prior occasion represented the witness in an unrelated proceeding, he "perceived no conflict and no loyalty owing to the witness" (People v Perez, 70 NY2d 773, 774, supra). Under the circumstances, the trial court did not err in failing to conduct a Gomberg inquiry (see, People v Gomberg, 38 NY2d 307), and the defendant was not denied the effective assistance of counsel.

We have considered the defendant's remaining contentions and find them to be meritless. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.