**Robert O. MILLER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1311.**

Court of Appeals of Alaska.

Aug. 27, 1993.

Robert O. Miller, pro se.

Richard W. Maki, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

COATS, Judge.

Robert O. Miller was convicted of burglary and assault in 1988 upon his plea of no contest. On April 20, 1993, Miller filed a *pro se* application for post-conviction relief. In his application, Miller alleged that the state obtained his conviction because he had received ineffective assistance of counsel. Miller filed an affidavit of indigency, requested the court to waive filing fees and costs, and asked the court to appoint counsel for him to represent him on his application for post-conviction relief.

On May 10, 1993, Superior Court Judge Rene J. Gonzalez gave notice to Miller that the court intended to dismiss Miller's application unless Miller filed an application which complied with the procedural requirements of Alaska Criminal Rule 35.1 and which made out a *prima facie* case of ineffective assistance of counsel under the requirements of *State v. Jones,* 759 P.2d 558, 570 (Alaska App.1988). Judge Gonzalez stated that he would not appoint counsel for Miller until Miller's application met those procedural requirements. Miller filed a petition for review from Judge Gonzalez's order in this court. The state has opposed the petition. We grant the petition and reverse the decision of the superior court.

In its opposition to Miller's petition for review, the state cites Criminal Rule 35.-1(e), which provides in relevant part:

Where the court determines that the application shall not be summarily disposed of on the pleadings and record pursuant to subdivision (f) of this rule, but that the issues raised by the application require an evidentiary hearing, counsel shall be appointed to assist indigent applicants.

Judge Gonzalez's decision refusing to appoint counsel for Miller conforms to the literal provisions of Criminal Rule 35.1(e). Despite the provisions of this rule, however, the Alaska Supreme Court has determined that an indigent applicant for post-conviction relief is entitled to court-appointed counsel "at the time the initial application is filed." *Donnelly v. State*, 516 P.2d 396, 399 (Alaska 1973) (footnote omitted). *Accord Roberts v. State*, 751 P.2d 507, 507–08 (Alaska App.1988); *Hampton v. Huston*, 653 P.2d 1058, 1059 (Alaska App. 1982). It does not appear to be disputed that Miller was financially eligible for court-appointed counsel. Miller's applica-

tion appears to be a substantial effort to comply with Criminal Rule 35.1.[1] It appears that he has reached the position where "[o]nly the presence of counsel will assure that meritorious claims will be fairly presented and full advantage taken of the procedures and investigation contemplated by the rule." *Donnelly*, 516 P.2d at 399. We therefore conclude that Miller was entitled to the appointment of counsel.

The order of the superior court giving notice of its intent to dismiss is VACATED. This case is REMANDED with directions that the superior court appoint counsel to represent Miller in pursuing his application for post-conviction relief.

---

**1.** Apart from the provisions of Criminal Rule 35.1(e), Criminal Rule 35.1(d) authorizes the court to return "applications which are incomplete...." This provision appears to be aimed at the type of technical incompleteness that could be readily corrected by *pro se* applicants.

We do not construe *Donnelly* to require appointment of counsel prior to the return of an application that is incomplete in this sense.