Everett E. **BRYANT**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–8375.

Court of Appeals of Alaska.

April 14, 2006.

---

Sharon Barr, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

We remanded this case to the superior court for additional findings on two issues relating to Bryant's claim of ineffective assistance of counsel. Bryant raised these issues in his motion for a new trial that followed his conviction on one count of sexual abuse of a minor.[1]

We have reviewed the superior court's additional findings and affirm the superior court's denial of Bryant's motion for a new trial. Therefore, we affirm Bryant's conviction.

We discussed the factual and procedural history of the case in an earlier opinion[2] and will not repeat the facts summarized there.

■ The first issue we address is Bryant's claim that his trial attorney was ineffective because he did not call Jim Lewis to testify as a witness. Bryant claimed that Lewis could testify to two pieces of information that were pivotal to his defense—(1) that the victim's mother reported Bryant was sexually abusing the victim one month before the allegations were reported to state troopers, and (2) that the victim's mother had told Lewis she intended to "take [Bryant] for everything he had." Bryant's trial attorney did not recall that Lewis would offer this testimony if called.

On remand, Superior Court Judge Larry C. Zervos considered the credibility of the witnesses on this disputed issue and found that Bryant had not met his burden of proof on the issue of whether Bryant's trial attorney knew, or reasonably should have known, of the potential testimony that Lewis might provide. Judge Zervos's findings are not clearly erroneous.[3] Because Bryant did not meet his burden of proof on this issue, this claim fails.

■ Next, we address Bryant's remaining claim that his trial attorney's failure to offer into evidence a certificate Bryant received in 1969 for completing a course during Navy SEAL[4] training about nuclear weapons was ineffective.

Bryant testified at trial. During Bryant's direct examination, Bryant's attorney asked Bryant about his military service. Bryant testified that he had served in the Navy for a few years in the late 1960s and obtained a top secret clearance for working with nuclear weapons. He added that the military "gave me my own private nuclear bomb." During cross-examination, the prosecutor asked Bryant what he meant "when you said that they gave [a nuclear bomb] to you?" Bryant said that "they didn't actually give it to me to have," and later, that "they didn't give it to me to keep." There was no further testimony about nuclear bombs.

During final argument, the subject of nuclear weapons was not mentioned by either party. The prosecutor said nothing about Bryant's military service. For his part, Bryant's attorney asked the jury to consider Bryant's Navy service with the SEALs and

---

1. AS 11.41.434(a)(1).

2. See *Bryant v. State*, 115 P.3d 1249 (Alaska App.2005).

3. See *Tucker v. State*, 892 P.2d 832, 834 (Alaska App.1995).

4. SEAL is an acronym for Sea, Air, and Land.

his security clearance when evaluating his credibility. The prosecutor did not challenge this request because, in rebuttal closing argument, the prosecutor again said nothing about Bryant's Navy service or security clearance.

Bryant argues that it was incompetent for his trial attorney not to offer the Navy certificate into evidence in an attempt to rehabilitate his credibility. On remand, Judge Zervos concluded that the certificate would not have been admissible because it was hearsay. Thus, it could not have been incompetent to fail to offer it. We need not decide whether Judge Zervos's conclusion on the admissibility of the certificate is correct because we agree with his conclusion that Bryant was not prejudiced by the failure of his attorney to offer the certificate into evidence.

The prosecutor's questioning did not imply that Bryant did not serve in the Navy nor as a SEAL. Nor did the prosecutor question whether Bryant had a security clearance. Instead, the prosecutor challenged Bryant's assertion that Bryant had his "own private nuclear bomb." Under cross-examination, Bryant qualified his claim of outright possession, and the prosecutor left the issue there.

The certificate, if admitted, would have shed no light on Bryant's bomb-possession claim because it merely memorialized Bryant's attendance at a one-week course on nuclear weapons and said nothing about whether the military issued a bomb to Bryant. The certificate confirmed that Bryant was in the Navy and did attend a one-week course at the Nuclear Weapons Training Center in Norfolk, Virginia. But the prosecutor did not challenge Bryant's service in the Navy or his attendance at any Navy course.

As we pointed out above, the prosecutor never argued that Bryant's credibility was suspect because of his bomb-possession claim. Instead, the prosecutor attacked Bryant's credibility for reasons entirely unrelated to Bryant's Navy service. We conclude that, even if the certificate had been introduced, there is no reasonable possibility that Bryant's jury would have reached a different

result. Thus, even assuming that Bryant's attorney offered the exhibit and it would have been admitted, Bryant has not shown that he was prejudiced by the failure to offer the certificate.[5] Therefore, Bryant did not establish a claim of ineffective assistance of counsel warranting a new trial.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

5. *See Risher v. State,* 523 P.2d 421, 425 (Alaska 1974).