**Harry LEWIS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1433.**

Court of Appeals of Alaska.

Sept. 1, 1995.

Hearing Denied Oct. 27, 1995.

Larry Cohn, Anchorage, for appellant.

James L. Hanley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellee.

Before BRYNER, C.J., and COATS, J., and ANDREWS, Superior Court Judge.*

*OPINION*

BRYNER, Chief Judge.

Harry Lewis was convicted of first-degree murder in 1984 and sentenced to ninety-nine years' imprisonment. In *Lewis v. State,* 731 P.2d 68 (Alaska App.1987), this court affirmed Lewis' conviction. In 1992, Lewis filed a *pro se* application for post-conviction relief claiming newly discovered evidence. The superior court appointed counsel to assist Lewis, and, through counsel, Lewis submitted an amended application the following year. After duly providing Lewis with notice of his intent to do so, Superior Court Judge Milton M. Souter dismissed the application. Lewis appeals.

Lewis was convicted with two other persons, Ricky Eason and Tamara Lynn Riley, of participating in a scheme that resulted in the murder of Riley's husband, Leon. The evidence established that Riley enlisted Eason to commit the crime. Eason, in turn, enlisted Lewis. Eason and Lewis acted together in choking Leon Riley to death. At trial, Lewis acknowledged choking Leon but claimed that he repudiated the murder attempt while his victim was still alive. Lewis further claimed that he then instructed Eason to leave Leon alone but that, unbeknownst to Lewis, Eason proceeded with the murder. At the time of Lewis' trial, Eason and Tamara Riley were being separately

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

prosecuted for the murder; Eason was therefore unavailable and did not testify at Lewis' trial. Eason and Riley were both eventually convicted. *See Lewis,* 731 P.2d at 69 (quoting *Riley v. State,* 720 P.2d 951, 952 (Alaska App.1986)).

In his application for post-conviction relief, Lewis claimed that Eason was now prepared to testify in support of Lewis' version of events. To substantiate this assertion, Lewis attached to his application a sworn statement signed by Eason in February 1985 (several months after Lewis and Eason were convicted) in which Eason described the murder in a manner compatible with Lewis' version of events. Based on Eason's 1985 statement, Lewis argued in his motion that he was entitled to post-conviction relief under Alaska Criminal Rule 35.1(a)(4), which allows relief to be granted upon a showing that "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction ... in the interest of justice[.]"

In dismissing Lewis' application, however, Judge Souter relied on *Garroutte v. State,* 683 P.2d 262 (Alaska App.1984), in which this court adopted the broadly accepted rule that "[w]hen a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, [this] evidence is not 'newly discovered.'" *Id.* at 268 (quoting *United States v. Diggs,* 649 F.2d 731, 740 (9th Cir.1981)). Even though the claim of newly discovered evidence in *Garroutte* was raised in a motion for a new trial filed under Alaska Criminal Rule 33, rather than in a post-conviction relief action filed under Rule 35.1(a)(4), Judge Souter reasoned that the rule adopted in *Garroutte* should govern all claims of newly discovered evidence, regardless of whether the claims are advanced under Rule 33 or 35.1(a)(4).

On appeal, Lewis does not dispute the rule adopted in *Garroutte,* and he concedes that Eason's proposed testimony would not qualify as newly discovered evidence for purposes of a new-trial motion filed under Rule 33. Lewis nonetheless argues that the *Garroutte* rule should be limited to newly discovered evidence claims pursued under Rule 33. Lewis maintains that a more liberal standard should apply when new evidence is advanced as a basis for relief in a post-conviction relief proceeding under Rule 35.1(a)(4). Lewis points out that the language of the post-conviction relief rule does not explicitly require new evidence to be newly discovered; rather, it permits relief whenever "evidence of material facts, not previously presented and heard, ... requires vacation of the conviction ... in the interest of justice." Lewis submits that, under this broader language, evidence that was not previously presented need not be newly discovered to warrant relief; instead, the court must simply decide whether the new evidence requires vacation of the conviction in the interest of justice. According to Lewis, the superior court erred in dismissing his application as a matter of law, without evaluating the significance of his newly proposed evidence.

However, Lewis cites no authority to support his interpretation of Rule 35.1(a)(4), and we are aware of none. The state, on the other hand, cogently argues that the legislative history of Alaska's post-conviction relief rule supports the conclusion that the rule was not meant to enlarge the scope of previously existing post-conviction remedies but was merely intended to provide a single, comprehensive procedural mechanism governing all existing forms of post-conviction relief. Indeed, this intent finds expression in the language of the rule itself:

> This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction. It is intended to provide a standard procedure for accomplishing the objectives of all of the constitutional, statutory or common law writs.

Alaska R.Crim.P. 35.1(b).

Moreover, although the language of Rule 35.1 makes no explicit mention of a newly discovered evidence requirement and speaks broadly of granting relief as necessary "in the interest of justice," we fail to see how the interest of justice would be served by allowing an award of post-conviction relief based on new evidence that would not result in the award of a new trial under the standard embodied in Criminal Rule 33. Construing

Rule 35.1(a)(4) to allow new trials to be awarded on more permissive grounds than those provided for under Rule 33—the rule specifically governing new-trial motions— would elevate form over substance, permitting identical claims of newly discovered evidence to be decided differently based solely on the procedure chosen to assert them. This would be anomalous: "[T]he state's burden on collateral attack should, if anything, be less than on direct attack ... and thus a standard which makes the state do more under Rule [35.1] than it would have to do under Rule 33 is illogical." *Hensel v. State,* 604 P.2d 222, 235 n. 55 (Alaska 1979).

The rule we elected to follow in *Garroutte,* which holds that a previously unavailable co-defendant's post-trial offer of exculpatory testimony is not newly discovered evidence for purposes of Rule 33, is founded on the fundamental unreliability of such testimony and on the corresponding need to discourage perjury and avoid manipulative tactics:

It would encourage perjury to allow a new trial once co-defendants have determined that testifying is no longer harmful to themselves. They may say whatever they think might help their co-defendant, even to the point of pinning all the guilt on themselves, knowing that they are safe from retrial. Such testimony would be untrustworthy and should not be encouraged.

*United States v. Reyes–Alvarado,* 963 F.2d 1184, 1188 (9th Cir.1992). To award a new trial based on the offer of such testimony "would enable [one co-defendant] to give to [another] who chooses to go to trial the gift of a second chance if the first jury should convict." *United States v. Rocco,* 587 F.2d 144, 148 n. 15 (3d Cir.1978) (quoting *United States v. LaDuca,* 447 F.Supp. 779, 785 (D.N.J.1978)). These concerns are as pertinent in the context of an application filed under Rule 35.1(a)(4) as they are in that of a motion filed under Rule 33.

Thus, in our view, "the interest of justice" requirement of Criminal Rule 35.1(a)(4) must be construed to incorporate the criteria governing new-trial motions raised under Criminal Rule 33. An applicant for post-conviction relief who brings forth new evidence and seeks relief pursuant to Criminal Rule 35.1(a)(4) must meet the same burden as a defendant who files a timely motion under Criminal Rule 33 for a new trial based on newly discovered evidence. In either procedural setting, a new trial is warranted only upon a showing that the proposed new evidence is newly discovered and would probably produce an acquittal. *Charles v. State,* 780 P.2d 377, 383 (Alaska App.1989).

The superior court correctly applied this standard in ordering Lewis' application dismissed. Accordingly, the order of dismissal is AFFIRMED.