**Hugh R. TAZRUK, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8284.

Court of Appeals of Alaska.

April 11, 2003.

David K. Allen, Assistant Public Advocate, Fairbanks, and Brant G. McGee, Public Advocate, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Hugh R. Tazruk appeals the superior court's dismissal of his petition for post-conviction relief. Based on the record, the superior court was completely justified in dismissing Tazruk's petition because Tazruk failed to present a prima facie case that he was entitled to relief.

The only real issue in this case is the possibility that Tazruk received ineffective assistance of counsel in the investigation and preparation of his petition for post-conviction relief. Normally, an appellate court will not consider claims of ineffective assistance for the first time on appeal—because, in most instances, the appellate record is inadequate to allow us to meaningfully assess the competence of the attorney's efforts. But Tazruk's case is atypical. As we explain here, the record of the proceedings in the superior court establishes a prima facie case that Tazruk received ineffective assistance. We must therefore remand Tazruk's case to the superior court for further investigation of this issue.

### The proceedings in the superior court

In January 2000, Tazruk was convicted of third-degree sexual assault. Eighteen months later, in July 2001, Tazruk filed a *pro se* petition for post-conviction relief. Because he was indigent, the Office of Public Advocacy was appointed to represent him in this post-conviction relief litigation.

As we explained in *Griffin v. State,* 18 P.3d 71 (Alaska App.2001), when an attorney is appointed to represent an indigent petitioner for post-conviction relief, the attorney must do one of three things: (1) elect to go forward on the petition in its current form (*i.e.,* as drafted by the client); or (2) draft and file an amended petition; or (3) explain to the court in detail why the petitioner has no

colorable claims for relief. *Griffin*, 18 P.3d at 77, construing Alaska Criminal Rule 35.1(e)(2).

Assistant Public Advocate David K. Allen, the attorney appointed to represent Tazruk, chose to follow the first path: he gave notice that he intended to proceed on the claims contained in Tazruk's existing petition.

Three months later, the State moved to dismiss Tazruk's petition in its entirety. The State argued that Tazruk had failed to present a prima facie case with respect to any of the claims contained in his petition. In response, Mr. Allen filed a notice that he "[would] not be filing an opposition to the State's motion to dismiss". However, he reminded the superior court that "[t]he court must make an independent determination of the merits of the State's motion".

Superior Court Judge Mary E. Greene subsequently issued a three-page order dismissing Tazruk's petition for post-conviction relief. In her order, Judge Greene reviewed Tazruk's five claims and, with respect to each one, she concluded that Tazruk had failed to present a prima facie case.

■ Tazruk's first claim was that his pre-sentence report falsely stated that Tazruk had previously been convicted of sexual assault—and that, as a result, Tazruk's sentence was enhanced based on this purported prior conviction. But, as Judge Greene explained in her decision, the pre-sentence report did *not* state that Tazruk had previously been convicted of sexual assault. Rather, the pre-sentence report contained information about two prior assaults that had not been prosecuted. As Judge Greene noted, "the . . . report was clear that the two prior events had not resulted in convictions". Judge Greene further noted that Tazruk might have challenged the allegations of the two prior sexual assaults [1], but he failed to do so.

Moreover, Judge Greene explained, the two prior sexual assaults were not used as "prior convictions"; that is, they were not used as the basis for subjecting Tazruk to a more severe presumptive term. Instead, they were used to establish aggravating factor AS 12.55.155(c)(21)—*i.e.*, to prove that Tazruk had a history of criminal acts similar to the one for which he was convicted. And, as Judge Greene noted, "convictions are not necessary to establish this aggravating factor. *See Turpin v. State*, 890 P.2d 1128, 1132 (Alaska App.1995)."

■ Tazruk's second claim was that there was newly discovered evidence tending to show his innocence. But, as Judge Greene noted, Tazruk based his claim on information contained in the police report in his case. Thus, as a matter of law, Tazruk's evidence was not "newly discovered".[2]

■ Tazruk's third claim was that his conviction was subject to collateral attack. But Tazruk failed to articulate a particular reason why this was so, and he failed to present any evidentiary basis for this claim. Thus, Judge Greene concluded that Tazruk had failed to present a prima facie case.

Tazruk's fourth claim was that he should be allowed to withdraw his plea. But again, Tazruk failed to articulate a particular reason why this was so, and he failed to present any evidentiary basis for this claim. Again, Judge Greene concluded that Tazruk had failed to present a prima facie case.

■ Finally, Tazruk claimed that he received ineffective assistance of counsel from the Public Defender Agency during the investigation and negotiation of his case, leading up to Tazruk's decision to plead no contest to sexual assault. But Tazruk never submitted an affidavit from his trial attorney, nor did he offer an explanation of why his attorney's affidavit could not be obtained. As Judge Greene noted, this Court has re-

---

1. *See* Alaska Criminal Rule 32.1(d)(5).

2. *See Lewis v. State*, 901 P.2d 448 (Alaska App. 1995). In *Lewis*, this Court held that when a defendant seeks post-conviction relief based on newly discovered evidence, the defendant must meet the same test that governs motions for a new trial based on newly discovered evidence.

*Id.* at 450. That is, the defendant must show that the evidence was not known at the time of the defendant's trial or plea despite the defense team's diligent efforts, and that this new evidence (if presented) probably would have led to the defendant's acquittal. *Gonzales v. State*, 691 P.2d 285, 286–87 (Alaska App.1984).

peatedly held that a defendant claiming ineffective assistance of counsel must present an affidavit from their former attorney (addressing the allegations of attorney error) or explain why they can not obtain their attorney's affidavit.[3] Thus, Judge Greene ruled that Tazruk had failed (as a matter of law) to present a prima facie case of ineffective assistance of counsel.

Having concluded that Tazruk had failed to present a prima facie case with respect to any of his claims, Judge Greene dismissed Tazruk's petition for post-conviction relief.

### The proceedings in this appeal

After Judge Greene dismissed Tazruk's petition, Allen filed an appeal on Tazruk's behalf. But in his brief, Allen concedes that Judge Greene's decision was correct. He declares that, given the record in this case and given the established Alaska law governing petitions for post-conviction relief, "no non-frivolous argument can be made" against Judge Greene's ruling.

We agree. It is obvious that Tazruk failed to establish a prima facie case for any of his claims. Thus, on the record before her, Judge Greene properly dismissed Tazruk's petition.

### The possibility that Tazruk received ineffective assistance of counsel in the litigation of his petition for post-conviction relief

As explained above, Tazruk filed a pro se petition for post-conviction relief and, because he was indigent, the superior court appointed an attorney to represent him. Under Alaska Criminal Rule 35.1(e), an attorney appointed to represent an indigent petitioner must do one of three things: (1) elect to go forward on the petition as drafted by the client, (2) draft and file an amended petition, or (3) certify to the superior court that the petitioner has no colorable claim for relief.

In *Griffin*, we concluded that this third course of action was inadequate to protect an indigent petitioner's right to effective assistance of counsel. We held that, instead of merely filing a certificate that the petitioner had no colorable claims, the attorney was obliged to provide the superior court with a detailed explanation of why the petitioner had no colorable claims.[4]

Our decision in *Griffin* was based in large measure on the federal Constitution—specifically, the United States Supreme Court's ruling in *Smith v. Robbins*[5] regarding a court's duty to protect an indigent defendant's right to counsel. We concluded that if we did not interpret Criminal Rule 35.1(e)(2) to require a detailed explanation from the petitioner's attorney, the superior court would not be able to comply with its duty under *Smith v. Robbins* to make sure that the petitioner received zealous and competent representation.[6]

Tazruk's attorney did not pursue this third course. Instead, he chose the first course—declaring that he would go forward on the claims drafted by Tazruk. But, as explained above, all of the claims listed in Tazruk's petition were either (1) facially meritless or, at best, (2) facially inadequate to survive a motion to dismiss. When the State pointed this out (in its motion to dismiss the petition), Tazruk's attorney did not seek leave to amend or supplement these claims, nor did he ask for further time to investigate the claims and (potentially) adduce more evidence to support them. Instead, Tazruk's attorney announced that he had nothing to say in opposition to the State's motion.

The attorney's work on Tazruk's behalf in this litigation appears to be the post-conviction-relief equivalent of a tactic in criminal prosecutions colloquially known as a "slow plea". In a "slow plea", a defendant charged with a crime persists in a plea of not guilty but then does nothing to defend the charge at trial—allowing the State's evidence to come in unchallenged and unrebutted, and

---

3. See *Peterson v. State*, 988 P.2d 109, 113–14 (Alaska App.1999); *Steffensen v. State*, 837 P.2d 1123, 1126–27 (Alaska App.1992); *State v. Jones*, 759 P.2d 558, 570 (Alaska App.1988).

4. *Griffin*, 18 P.3d at 77.

5. 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

6. *Griffin*, 18 P.3d at 77.

then simply waiting for the inevitable adverse verdict.[7]

What happened in Tazruk's case is seemingly analogous. From the record of the proceedings in the superior court, it appears possible that when Tazruk's attorney endorsed the claims contained in Tazruk's *pro se* petition, he knew that these claims were all subject to dismissal, and he simply waited until the State got around to asking for judgement on the pleadings—a motion that he did not oppose.

If this is indeed what happened, then either (1) Tazruk did not receive effective assistance of counsel or, alternatively, (2) Tazruk's case presents the same constitutional problem that we addressed in *Griffin.*

Even if we assume that Tazruk did receive effective assistance—that is, even if we assume that a zealous and competent attorney could have done nothing more to advance Tazruk's claims—the fact remains that the *record* contains no indication that Tazruk's attorney ever investigated these claims, sought to adduce support for them through discovery, or sought to reformulate them so that they might survive a motion to dismiss. The record shows only the attorney's inaction and ultimate concession of defeat. As was true in *Griffin,* such a record is insufficient to allow the courts to carry out their constitutional duty to make sure that an indigent petitioner receives zealous and competent representation.

■ We hasten to add that an attorney's decision to adopt the claims stated in their client's existing petition for post-conviction relief does not necessarily bespeak attorney inattention or neglect. One can easily imagine circumstances in which, even though the attorney adopts their client's statement of post-conviction relief claims, the attorney vigorously pursues those claims through discovery and, in some cases, trial. In such instances, it may turn out—after all the evidence is discovered and heard—that the attorney will be forced to concede that the petitioner's claims are no longer arguable. Or, even if the evidence is arguable, the attorney may be forced to concede on appeal that the superior court's resolution of the pertinent factual disputes was not clearly erroneous. In such cases, the fact that the attorney adopted the petitioner's statement of claims, and even the fact that the attorney ultimately conceded that there was no legal basis for attacking the superior court's dismissal of the petition, would be perfectly compatible with the attorney's competent representation of the petitioner's interests.

But in Tazruk's case, there is no record that the attorney did anything to pursue or develop Tazruk's claims. We do not know whether the attorney actually investigated these claims or otherwise worked to develop them; if he did, there is no record of it. And because of this silent record, we are faced with a *Griffin* problem. We do not know— and have no way of assessing—whether the attorney zealously represented Tazruk's interests.

Accordingly, we must remand Tazruk's case to the superior court. Tazruk's attorney must provide the superior court with a detailed explanation of why he concluded that Tazruk's claims had no arguable merit. If it appears to the superior court that Tazruk's attorney reached this conclusion without competent investigation of the case, the superior court shall vacate its dismissal of Tazruk's petition and shall appoint a new attorney to represent Tazruk. If it appears to the superior court that Tazruk's attorney did engage in competent investigation of the

---

7. See *People v. Wright,* 43 Cal.3d 487, 233 Cal. Rptr. 69, 729 P.2d 260, 265 (1987), in which the California Supreme Court recognized that a "slow plea" was "any one of a number of contrived procedures which [do] not require the defendant to admit guilt but [which result] in a finding of guilt on an anticipated charge". The court stated:

Perhaps the clearest example of a slow plea is a bargained-for submission [of the case] on the transcript of a preliminary hearing in which the only evidence is the victim's credible testimony, and the defendant does not testify and counsel presents no evidence or argument on defendant's behalf. Such a submission is tantamount to a plea of guilty because the guilt of the defendant is apparent on the basis of the evidence presented at the preliminary hearing and ... conviction is a foregone conclusion if no defense is offered.

*Id.* (internal quotation omitted).

case and reasonably concluded that Tazruk had no colorable claim for post-conviction relief, the superior court shall nevertheless allow Tazruk to respond and argue the contrary. *See* Criminal Rule 35.1(f).

We again emphasize that we do not view an attorney's decision to adopt their client's pre-existing claims for post-conviction relief as prima facie evidence of attorney incompetence or lack of zeal on their client's behalf. But in Tazruk's case, his claims were plainly insufficient as written, and yet his attorney adopted those claims without revision. Moreover, the record offers no indication that the attorney did anything to investigate or otherwise pursue those claims. And finally, Tazruk's attorney failed to oppose the State's motion for judgement on the pleadings. Given this combination of facts and events, we must require the same explanation from Tazruk's attorney that we required of the attorney in *Griffin.*

This case is REMANDED to the superior court for the additional proceedings described above. The superior court shall notify us of its findings and actions within 45 days of the issuance of this opinion. We retain jurisdiction of this appeal.

COATS, Chief Judge, concurring.

A person who is convicted of a crime in Alaska has the right to apply for post-conviction relief.[1] If indigent, the person is entitled to court-appointed counsel to investigate and litigate the post-conviction relief application.[2] If the court dismisses the application for post-conviction relief, the person is entitled to the assistance of court-appointed counsel to appeal that decision.[3]

In the present case, Tazruk's counsel filed a brief with this court in which he concedes that Tazruk had "no non-frivolous argument [that] can be made against the trial judge's application of current Alaska law." He states that the "brief is filed pursuant to the procedure described by the United States Supreme Court in *Anders v. California* . . . ."[4]

In *Griffin v. State,*[5] we discussed the *Anders* procedure and how it has been modified by the United States Supreme Court. Although under federal law the *Anders* procedure applies to an indigent's first appeal from his conviction, the principles also apply to an indigent's appeal of the denial of a post-conviction relief application in Alaska because any indigent is entitled to counsel for such an appeal. Under the principles espoused by *Anders* and subsequent supreme court decisions, we are not to allow an attorney to withdraw from a case and dismiss the client's appeal until we have independently assessed the case and "reached the conclusion that the appeal is frivolous."[6] Our independent review of Tazruk's case has led us to the conclusion that we cannot ascertain whether Tazruk has received effective assistance of counsel and whether Tazruk has no non-frivolous issues that he could raise in a post-conviction relief application.

Tazruk, pro se, filed his application for post-conviction relief setting out several claims. It is obvious from reading Tazruk's application that, standing alone, it did not state any ground that would be sufficient to state a claim for post-conviction relief. Yet Tazruk's counsel gave notice under Criminal Rule 35.1(e)(2)(A) that he would proceed on the original pro se application. When the State moved to dismiss, Tazruk's counsel did not oppose the State's motion. Although he was basically conceding the merits of the State's motion, Tazruk's attorney pointed out that the court had an independent duty to determine the merit of the State's motion.

Judge Greene dismissed Tazruk's application, stating that Tazruk had failed to make "a prima facie showing of entitlement to re-

---

**1.** *See generally* AS 12.72.010–040; Alaska R.Crim. P. 35.1.

**2.** AS 18.85.100(c).

**3.** *Grinols v. State,* 10 P.3d 600, 621, 623 (Alaska App.2000).

**4.** *See generally Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) *limited by*

*Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

**5.** 18 P.3d 71 (Alaska App.2001).

**6.** *Id.* at 73 (citing *Robbins,* 528 U.S. at 279, 120 S.Ct. at 761).

lief." On appeal, Tazruk's attorney filed an *Anders* brief in which he stated that "no non-frivolous argument can be made against the trial judge's application of current Alaska law." The State filed a brief also arguing that the trial court had properly determined that all of Tazruk's claims were frivolous.

It seems apparent to me on this record that Tazruk's counsel reviewed Tazruk's application for post-conviction relief and concluded that all of Tazruk's claims were frivolous. No competent attorney, looking at Tazruk's application for post-conviction relief, could conclude that this application, without some development of the issues, would survive a motion to dismiss. Faced with this situation, a competent attorney is required to review the facts and law underlying the defendant's application to determine if there are any potential grounds for relief. In the event that Tazruk's counsel concluded that there were no non-frivolous claims to raise on Tazruk's behalf, he was obligated to comply with Criminal Rule 35.1(e)(2)(B). That procedure, which we discussed in *Griffin*,[7] sets out procedures designed to protect an indigent's right to the assistance of counsel in an application for post-conviction relief. Rule 35.1(e)(2)(B) requires counsel to file a certificate stating that the attorney:

(i) does not have a conflict of interest;

(ii) has completed a review of the facts and law in the underlying proceedings or action challenged in the application;

(iii) has consulted with the applicant and, if appropriate, with trial counsel; and

(iv) has determined that the application does not allege a colorable claim for relief.

In *Griffin* we concluded that the fourth clause required an attorney to explain his representation.[8] We pointed out that Criminal Rule 35.1(f)(2) required the court, when an indigent applicant's attorney filed a "no merit" certificate, to "independently assess whether 'it appears ... that the applicant is not entitled to relief.' "[9] In order to allow the court to perform this duty, the attorney seeking to withdraw must provide the court with an explanation of the claims he considered and why he considered the claims to be frivolous:

> In order for the court to perform its role under Rule 35.1(f)(2)—and thereby fulfill its duty to make sure that indigent litigants do in fact receive zealous investigation and presentation of any colorable claims for post-conviction relief—the attorney seeking to withdraw from the case must provide the court with a full explanation of all the claims the attorney has considered and why the attorney has concluded that these claims are frivolous. Only then can the court meaningfully assess and independently evaluate the attorney's assertion that the petitioner has no arguable claim to raise.[10]

It is obvious that the *Griffin* procedure requires a substantial effort on the part of an attorney who determines that his client's claims are frivolous. And, from the record in this case, it seems obvious to me that Tazruk's counsel wanted to avoid this procedure. Among other things, in his brief, after summarily conceding that Tazruk had no non-frivolous arguments, counsel devotes the majority of his opening brief to arguing that we should not extend *Griffin* to situations where counsel chooses to proceed on the grounds alleged in the pro se application already filed by the petitioner. But where the grounds alleged in the pro se application are patently frivolous and where counsel makes no attempt to claim otherwise, it is obvious that counsel is attempting to evade the procedure set forth in Criminal Rule 35.1(e)(2)(B) as described in *Griffin*. To allow this would be to neglect our duty to ensure that an indigent has received the right of effective assistance of counsel in pursuing his post-conviction relief claim on appeal.

In general, when an attorney is appointed to represent a client who has filed an application for post-conviction relief, the attorney has a duty to investigate whether there are

---

7. *Id.* at 75–77.

8. *See id.* at 75, 77.

9. *Id.* at 76 (citing Alaska R.Crim. P. 35.1(f)(2)).

10. *Id.* at 77.

any non-frivolous grounds to obtain post-conviction relief.[11] From my experience as a defense counsel, in most cases an attorney can find a non-frivolous issue to advance. If the attorney cannot, in many cases the client can be persuaded that there are no grounds for relief and can decide to not pursue the matter. But if the attorney concludes that there are no non-frivolous issues and the client insists on proceeding, the attorney can only withdraw by complying with Criminal Rule 35.1(e)(2)(B) as set out in *Griffin.*

We have recognized that the *Griffin* procedure is onerous. That is one reason why, in *Hertz v. State,*[12] we rejected the *Anders* approach and adopted a rule requiring the applicant's attorney to pursue the litigation even if the attorney believed that the litigation was frivolous.[13] We concluded that this was a better way to protect an indigent's right to the effective assistance of counsel than the *Anders* procedure.[14] But in *Griffin,* we concluded that the legislature could prop-

erly and constitutionally require another procedure.[15] We concluded that Criminal Rule 35.1(e)(2)(B), as we interpreted that rule in *Griffin,* was an appropriate way for counsel to deal with applications for post-conviction relief when counsel could not find any non-frivolous issues to advance.[16] From the record of the current case, it seems clear to me that Tazruk's counsel concluded that all of Tazruk's claims were frivolous. Rather than comply with the *Griffin* procedure, he attempted to evade it. Given our independent duty to protect Tazruk's right to the effective assistance of counsel in pursuing his application for post-conviction relief, we cannot allow this evasion.

---

11. *See* Alaska R.Crim. P. 35.1(e)(2).

12. 755 P.2d 406 (Alaska App.1988).

13. *Id.* at 409.

14. *Id.*

15. *Griffin,* 18 P.3d at 75.

16. *Id.* at 76–77.