Trygve ANGASAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10948.

Court of Appeals of Alaska.

Dec. 6, 2013.

Colleen A. Libbey, Libbey Law Offices, Anchorage, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and COATS, Senior Judge *.

OPINION

Judge MANNHEIMER.

Trygve Angasan was convicted of second-degree sexual abuse of a minor. The State's

---

\* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

case against Angasan was based on evidence that, in the early morning hours of September 19, 2009, Angasan used his mobile phone to trade dozens of text messages with the thirteen-year-old victim, and that he then drove to her house in a silver-colored Chevrolet owned by his family. The victim got into the vehicle, and she and Angasan drove off together. When Angasan stopped the car, he engaged in sexual penetration with the victim.

Several months after he was sentenced, Angasan filed a motion seeking a new trial under Alaska Criminal Rule 33. Angasan's motion was based on the claim that he had new evidence that tended to exculpate him. In support of his motion, Angasan submitted the affidavits of four of his relatives: his brother, Shawn Angasan; his grandmother, Clara Angasan; his grandfather, Ralph Angasan; and his uncle, Peter Angasan (the son of Clara and Ralph).

The superior court found that essentially all of the information contained in these four supporting affidavits was known to either Angasan or his attorney at the time of trial. Accordingly, the superior court ruled that the information presented in these affidavits was not "newly discovered evidence" under the test adopted by the Alaska Supreme Court in *Salinas v. State*, 373 P.2d 512 (Alaska 1962).

(Under the *Salinas* test, evidence is considered "newly discovered" if the defendant shows both (1) that the evidence was unknown to the defense at the time of trial, and (2) that the evidence could not have been discovered with a reasonably diligent investigation.)

Because the superior court concluded that Angasan's offered evidence was not "newly discovered" as defined in *Salinas*, the superior court viewed Angasan's motion as essentially "an oblique way of arguing ineffective assistance of counsel". In other words, the court concluded that Angasan was really arguing that, given the availability of the information described in the four affidavits, his trial attorney should have pursued a different strategy at trial—a strategy that entailed presenting the information contained in the four affidavits.

Viewing Angasan's pleadings in this manner (*i.e.*, as an attack on the competence of his trial attorney, rather than a claim based on newly discovered evidence), Angasan's motion for a new trial was filed several months late—because Criminal Rule 33(c) declares that, with the exception of claims based on newly discovered evidence, motions for a new trial must be filed within five days after the verdict. The superior court declined to extend this five-day filing deadline, because the court reasoned that there was no need to relax the deadline—since Angasan could pursue his claim of ineffective assistance of counsel by filing a petition for post-conviction relief under Criminal Rule 35.1.

But instead of following the superior court's suggestion and filing a petition for post-conviction relief, Angasan filed this appeal.

Angasan contends that the superior court both misunderstood the nature of his claim and committed legal error in rejecting it. Angasan contends that his request for a new trial is, in fact, based on a claim of new evidence, and that he is *not* asserting (at least at this time) that he received ineffective assistance from his trial attorney.

Angasan acknowledges that the information contained in three of the four affidavits presented to the superior court does not qualify as "newly discovered evidence" under the *Salinas* test. Nevertheless, Angasan argues that Criminal Rule 33 allows a defendant to seek a new trial based on *any* evidence that was not presented at trial—even though this evidence was known to the defense at the time of trial, or could have been discovered through diligent inquiry.

Angasan further contends that the superior court could not properly deny his motion for a new trial without holding an evidentiary hearing, so that the superior court could assess the strength of the new evidence and the credibility of the people who submitted the four affidavits—thus allowing the superior court to reach an informed opinion as to whether this new evidence was likely to have changed the jury's verdict.

For the reasons explained in this opinion, we reject Angasan's contention that "new" evidence (for purposes of Criminal Rule 33) includes any and all evidence that was not presented at trial. Rather, we hold that when a defendant seeks a new trial based on evidence that was not presented at trial, the defendant must normally show that this evidence qualifies as "newly discovered" under the *Salinas* test: that it was not known at the time of trial, and that it was not discoverable through diligent inquiry at the time.

Given the contents of the four affidavits submitted by Angasan's relatives, the superior court could properly find that none of this evidence was "newly discovered" under the *Salinas* test—that all of the evidence was either known to the defense at the time of trial or could have been discovered through reasonably diligent efforts. Accordingly, we affirm the superior court's denial of Angasan's motion for a new trial.

*When a defendant seeks a new trial under Criminal Rule 33 based on evidence that was not presented at the defendant's trial, the defendant must normally show that this evidence meets the Salinas criteria for newly discovered evidence*

■ Alaska Criminal Rule 33(a) declares that a trial court "may grant a new trial to a defendant if required in the interest of justice." Rule 33(c) specifies the time limits that apply to motions for a new trial: the motion must normally be filed within five days after the verdict is rendered, except that a motion based on the ground of newly discovered evidence "may be made [at any time] before or within 180 days after final judgment".

From the wording of Criminal Rules 33(a) and 33(c), it would appear that *all* new trial motions are governed by the "interest of justice" test set forth in Rule 33(a)—and that, among all potential new trial motions, those based on a claim of newly discovered evidence have a special, more lenient filing deadline.

But Angasan interprets Rule 33 in a different way. He argues that section (a) of the rule and section (c) of the rule each establish a separate ground for seeking a new trial. According to Angasan, section (c) of the rule authorizes a trial court to grant a new trial on the basis of "newly discovered evidence" as that phrase has been defined in *Salinas,* while section (a) of the rule, on the other hand, authorizes a trial court to grant a new trial for *any* reason "in the interest of justice"—even when the defendant's request for a new trial is based on evidence that does not qualify as "newly discovered" under the *Salinas* definition.

Under Angasan's interpretation of Rule 33, subsection (a) gives trial judges the authority to circumvent the *Salinas* restrictions that apply to new evidence claims—to grant a new trial "in the interest of justice" even when the defendant's proposed evidence was known to the defense at the time of trial, or could have been discovered through reasonable diligence.

There is one narrow sense in which Angasan's interpretation of the rule comports with current Alaska law. This Court has repeatedly recognized that a motion for a new trial can be based on a claim of ineffective assistance of counsel.[1] And claims of ineffective assistance often rest on the claim that the defendant's trial attorney incompetently failed to present exculpatory evidence that was known at the time of trial, or that the attorney failed to diligently investigate the case and, as a consequence, incompetently failed to discover exculpatory evidence.

But Angasan has expressly declared that he is *not* claiming that his trial attorney was ineffective. Rather, Angasan is making a different, broader claim: a claim that, regardless of the competence or incompetence of a defendant's trial attorney, Rule 33(a) allows a defendant to seek a new trial by arguing that there is additional evidence that should have been presented at trial—even when this evidence was known at the time of trial, or even though this evidence could have been discovered through reasonable diligence.

---

1. *See, e.g., Bryant v. State,* 133 P.3d 690, 691 (Alaska App.2006); *Alexander v. State,* 838 P.2d 269, 274–75 (Alaska App.1992); *Barry v. State,* 675 P.2d 1292, 1296 (Alaska App.1984).

We acknowledge that the authority conferred on trial judges by Criminal Rule 33(a)—the authority to grant a new trial when "required in the interest of justice"—is meant to be interpreted broadly. Generally speaking, a motion for a new trial may be based on "[any claim of] trial error or pre-trial error that would justify reversal of a conviction", or upon the assertion that the verdict is against the weight of the evidence.[2]

See State v. Reeves, 670 N.W.2d 199, 202 (Iowa 2003) (declaring that the rule gives a trial judge great discretion to determine whether, under the particular facts of the defendant's case, "the verdict effectuates substantial justice between the parties"); Love v. State, 95 Md.App. 420, 621 A.2d 910, 914 (1993) ("The list of possible grounds for the granting of a new trial by the trial judge ... is virtually open-ended."); State v. Guerra, 278 P.3d 1031, 1042 (N.M.2012) (same concept); Reyes v. State, 849 S.W.2d 812, 813–14 (Tex.Crim.App.1993) ("[Criminal] Rule 30(a) does not limit the grounds under which a motion for new trial may be granted[,] but rather provides the trial judge the general authority to grant such a motion.").

The corresponding federal rule of criminal procedure also uses the phrase "the interest of justice", and the federal courts have construed this phrase to cover a host of potential situations.[3]

However, in essentially all American jurisdictions, motions for a new trial based on claims of newly discovered evidence are not favored by the courts, and these claims are viewed "with great caution". Wayne R. LaFave, Jerold H. Israel, Nancy J. King, and Orin S. Kerr, Criminal Procedure (3rd ed.2007), § 24.11(d), Vol. 6, p. 562. This principle—that claims of new evidence are viewed with caution—finds embodiment in the kind of standards that the Alaska Supreme Court adopted in Salinas. As explained in LaFave,

> Courts are naturally skeptical of claims that a defendant [who was] fairly convicted, with proper representation by counsel, should now be given a second opportunity because of new information that has suddenly been acquired.... Accordingly, rather exacting standards have been developed for the motion for new trial based on newly discovered evidence.... [T]he basic [standards are that] (1) the evidence must be new to the defense, (2) the failure to learn of the evidence earlier must not be due to a lack of proper diligence, (3) and the evidence must reach a certain level of significance [when] measured in reference to the other evidence in the trial.

Id. at 562–63.

Essentially every American jurisdiction has adopted some version of the Salinas test—in particular, the requirements that the defendant show that the proposed new evidence was not known to either the defendant or the defense attorney at the time of trial,[4] and that the evidence could not have been discovered through reasonable diligence.[5]

2. Wayne R. LaFave, Jerold H. Israel, Nancy J. King, and Orin S. Kerr, Criminal Procedure (3rd ed.2007), § 24.11(b), Vol. 6, p. 560.

3. See Charles Alan Wright and Sarah N. Welling, Federal Practice and Procedure: Criminal (4th ed.2011), § 589, Vol. 3, pp. 547–555. In addition to motions for a new trial based on newly discovered evidence, Federal Practice and Procedure lists these potential grounds for seeking a new trial under Federal Criminal Rule 33: an allegation that the verdict was against the weight of the evidence; that there was misconduct by, or misconduct affecting, the jury, the judge, or the attorneys; that the trial judge improperly failed to sever the trial of co-defendants or the trial of different charges; that the trial was rendered unfair by the absence of an important witness; that there was a flaw in the jury selection process, or that a particular juror was improperly allowed to sit; that the government failed to provide discovery; that the defendant's waiver of jury trial was invalid; that the defendant was incompetent to stand trial; that the trial was rendered unfair by the defendant's absence from portions of the trial; that the trial judge improperly admitted or excluded evidence; that the trial judge allowed the jury to find out, in a joint trial of co-defendants, that one co-defendant had pleaded guilty in the middle of the trial; that there was a variance between the allegation in the charging document and the government's proof at trial; and that the trial judge gave incorrect or improper jury instructions.

4. Federal Practice and Procedure: Criminal, § 584, Vol. 3, pp. 454–55.

5. Id. at 451–52.

(In many federal and state jurisdictions, these standards are referred to as the "*Berry* rule", because the standards were first articulated by the Georgia Supreme Court in *Berry v. State*, 10 Ga. 511, 1851 WL 1405 (1851).)[6]

■ One of the main purposes of this restriction on claims of new evidence is to prevent defendants from obtaining a new trial simply because the defendant or their attorney, having received an adverse result at trial, now believes that a different strategy would have worked better.

With regard to evidence that was known to the defense at the time of trial, the *Salinas* restriction prohibits defendants from using Rule 33 as a vehicle "to change [their] strategy after an unfavorable verdict and use evidence [that they] chose not to present at the trial".[7] And with regard to evidence that was not known at the time of trial, but could have been discovered through reasonable diligence, the social policy behind the *Salinas* restriction was explained by the Alaska Supreme Court in *Lindhag v. Department of Natural Resources*, 123 P.3d 948 (Alaska 2005): the defendant must prove that the proposed new evidence could not have been discovered earlier through reasonably diligent effort, because a rule allowing a party to seek relief from a trial verdict "should not serve as a back-door route to retrying a case [whenever the] party thinks he can make a better showing on a second attempt." *Id.* at 956.

All of this leads us to reject Angasan's contention that the "interest of justice" standard set forth in Criminal Rule 33(a) allows a litigant to evade the two *Salinas* restrictions on what qualifies as "newly discovered" evidence. We conclude instead that these two restrictions comprise a judicial gloss on the meaning of "the interest of justice" in situations where the defendant's motion for a new trial is based on a claim of new evidence.

Although this Court has never confronted Angasan's precise argument before, this Court addressed a similar argument—and reached the same conclusion—in *Lewis v. State*, 901 P.2d 448 (Alaska App.1995).

The defendant in *Lewis* sought post-conviction relief under Criminal Rule 35.1(a)(4), which permits a court to grant relief from a criminal judgement whenever "evidence of material facts, not previously presented and heard, ... requires vacation of the conviction ... in the interest of justice." Lewis conceded that his proposed evidence would not qualify as "newly discovered" under the *Salinas* test, but he argued that the *Salinas* test applied only to motions for a new trial under Criminal Rule 33, and not to petitions for post-conviction relief.[8]

Specifically, Lewis argued that a more liberal standard should apply when new evidence is advanced as a basis for post-conviction relief, because the language of Criminal Rule 35.1(a)(4) does not explicitly require a defendant's new evidence to be "newly discovered". Rather, Rule 35.1(a)(4) only states that the evidence must be material, that it must not have been previously presented, and that it "requires vacation of the conviction ... in the interest of justice". Based on this, Lewis contended that a defendant petitioning for post-conviction relief should not have to prove that the new evidence was unknown at the time of trial, and that the evidence could not have been discovered through diligent inquiry. Instead, Lewis argued that the only question was whether the new evidence required vacation of the defendant's conviction "in the interest of justice".[9]

This Court rejected Lewis's argument:

[A]lthough the language of Rule 35.1 makes no explicit mention of a newly discovered evidence requirement and speaks broadly of granting relief as necessary "in the interest of justice," we fail to see how the interest of justice would be served by allowing an award of post-conviction relief based on new evidence that would not result in the award of a new trial under the standard embodied in Criminal Rule 33.

---

6. *Ibid.; LaFave,* § 24.11(d), Vol. 6, p. 563.

7. *Federal Practice and Procedure: Criminal,* § 584, Vol. 3, pp. 457–58.

8. *Lewis,* 901 P.2d at 449.

9. *Ibid.*

Construing Rule 35.1(a)(4) to allow new trials to be awarded on more permissive grounds than those provided for under Rule 33—the rule specifically governing new-trial motions—would elevate form over substance, permitting identical claims of newly discovered evidence to be decided differently based solely on the procedure chosen to assert them.

*Lewis,* 901 P.2d at 449–450.

Because the phrase "interest of justice" is intended to be broadly interpreted, and is meant to be applied in all the various situations that might present themselves in criminal litigation, we hesitate to conclusively declare that, aside from claims of ineffective assistance of counsel, a motion for new trial could *never* be based on previously available or previously discoverable evidence. However, in such situations, we believe that the reasons for granting relief would have to be extraordinary and compelling—because granting relief in these situations would normally tend to undercut the social policy that bars a defendant from seeking to relitigate their criminal case simply because the defendant or their attorney has come up with a different trial strategy that appears more promising.

In Angasan's case, the new evidence that Angasan offered—even if it was wholly believed—did not constitute convincing proof of Angasan's factual innocence. At best, the new evidence merely cast doubt on the State's case. We accordingly conclude that there is no extraordinary and compelling reason to exempt Angasan from the *Salinas* requirements that the new evidence (1) was not previously available and (2) was not previously discoverable through diligent inquiry.

*Whether the affidavit of Peter Angasan qualified as newly discovered evidence under the Salinas test*

■ As we explained at the beginning of this opinion, Angasan presented the affidavits of four potential witnesses in support of his motion for new trial. With respect to three of these affidavits, Angasan does not dispute the superior court's ruling that the affidavits fail to qualify as "newly discovered" evidence. However, with respect to the fourth affidavit—the affidavit submitted by Peter Angasan—Angasan argues that Peter's proposed testimony *is* newly discovered.

Peter Angasan's affidavit contained three assertions of fact that were pertinent to Angasan's case. First, Peter asserted that the victim of the sexual abuse had at least some social interaction with another young man, Bjorn King. Second, Peter asserted that Bjorn King repeatedly had possession of, and used, Trygve Angasan's mobile phone in the days surrounding the offense—thus suggesting that King, and not Angasan, might have been the one who exchanged the large number of text messages with the victim. And third, Peter asserted that, on the night of the offense, Clara Angasan asked Peter to collect the keys to all of the family's motor vehicles and bring them to her, and that Peter did this—thus suggesting that Trygve Angasan did not have access to the silver Chevrolet at the time the offense was alleged to have occurred.

The superior court found that, with one possible exception (the assertion that Bjorn King repeatedly possessed and used Trygve Angasan's mobile phone), all of the information contained in Peter Angasan's affidavit was known to Angasan's attorney at the time of trial.

With respect to the allegation that Bjorn King repeatedly possessed and used Angasan's mobile phone in the days surrounding the offense, the superior court concluded that this assertion, even if true, did not constitute newly discovered information because "the defendant himself would have been aware of that fact", and thus Angasan's trial attorney "must have known" about it.

In his briefs to this Court, Angasan does not challenge the superior court's finding that the *information* contained in Peter Angasan's affidavit was known to the defense at the time of trial. However, Angasan argues that Peter should still be considered a newly discovered *source* of evidence.

According to Angasan's offer of proof in the superior court, (1) Peter left for the Philippines a few months after Angasan was indicted; (2) Peter was essentially *incommunicado* during his stay in the Philippines;

and (3) until Peter returned from the Philippines, neither Angasan nor his trial attorney had reason to believe that Peter was a potential witness in Angasan's case.

Angasan notes that when a court is asked to dismiss a litigant's case on the pleadings (*i.e.*, without an evidentiary hearing or trial), the court is required to examine the litigant's pleadings, treat all of the well-pleaded assertions of fact in those pleadings as true, and then decide whether these assertions of fact (if ultimately proved) would entitle the litigant to relief.[10]  Relying on this principle, Angasan contends that the superior court was required to treat Peter Angasan as a newly discovered witness—in the sense that the court was required to presume the truth of Angasan's offer of proof that Peter's existence as a potential witness was newly discovered.

But as this Court explained in *LaBrake v. State*, 152 P.3d 474 (Alaska App.2007), even though a court must normally presume the truth of all of a litigant's well-pleaded assertions of fact, this presumption does not extend to each and every assertion in the litigant's pleadings:

> [A] court deciding a motion for judgement on the pleadings need not assume the truth of the [party's] conclusions of law, nor the truth of the [party's] assertions concerning facts that are legally impossible, or the party's assertions concerning matters that would not be admissible in evidence.  Moreover, the court need not assume the truth of assertions that are patently false or unfounded, based on the existing record or based on the court's own judicial notice.

*LaBrake*, 152 P.3d at 481.  Under our decision in *LaBrake*, and based on the record in Angasan's case, the superior court did not need to hold a hearing to reject Angasan's assertion that Peter Angasan's existence as a witness was "newly discovered" under the *Salinas* test.

The *Salinas* test required Angasan to show *both* (1) that Peter's existence as a potential witness was not known to either Angasan or his attorney at the time of trial, *and* (2) that Peter's existence as a potential witness could not have been discovered through reasonably diligent efforts.

The first question—whether Angasan and his attorney were aware at the time of trial that Peter was a potential witness—is a question of fact, and in the absence of conclusive evidence to the contrary, the superior court was required to presume the truth of Angasan's assertion that neither he nor his attorney knew that Peter was a potential witness (assuming that this assertion was properly supported by affidavit or other evidence).

However, the second question—whether Peter's existence as a potential witness could have been discovered through reasonably diligent efforts—is a mixed question of fact and law.  The answer to this question hinges both on matters of historical fact and on the court's legal assessment of what would qualify as "diligent" investigative efforts under the circumstances.

In Angasan's case, the superior court could properly conclude, on the record before it, that Angasan's offer of proof failed to satisfy this "diligence" aspect of the *Salinas* test.

As we explained earlier, Peter Angasan asserted in his affidavit (1) that his mother, Clara, asked him to collect the keys to all of the family's vehicles on the evening preceding the offense, and (2) that he collected the keys and gave them all to Clara.

Clara Angasan, for her part, asserted in her affidavit that she told Angasan's attorney about having the car keys for the vehicles, and that she was surprised when the attorney did not call her to testify at Angasan's trial.

---

10.  *J & L Diversified Enterprises, Inc. v. Anchorage*, 736 P.2d 349, 351 (Alaska 1987) (an appellate court reviewing a dismissal on the pleadings must accept as true all well-pleaded allegations of fact contained in the appellant's trial court pleadings); *LaBrake v. State*, 152 P.3d 474, 480 (Alaska App.2007) (same); *Steffensen v. State*, 837 P.2d 1123, 1125–26 (Alaska App.1992) ("[W]hen the superior court decides whether the defendant's petition states a *prima facie* case for relief, the superior court is obliged to view the factual allegations of the defendant's petition in the light most favorable to the defendant.").

Based on these assertions in Clara's affidavit, the superior court found that Angasan's attorney was aware of Clara's evidence—and, thus, this evidence was not "newly discovered" for purposes of *Salinas*. And as we noted earlier, Angasan does not dispute the superior court's ruling that Clara's evidence failed to qualify as "newly discovered".

But if Clara's evidence concerning the car keys was not newly discovered, it necessarily follows that Peter's existence as a potential witness was not newly discovered either.

According to Peter's affidavit, it was Clara who asked him to collect the car keys, and he delivered the keys to her personally. Assuming the truth of Peter's affidavit, either (1) Clara told Angasan's attorney that Peter was a potential witness when she described how she got possession of the car keys, or (2) Angasan's attorney would have found out that Peter was a potential witness if he had diligently questioned Clara about this matter. In either event, Peter's existence as a potential witness in Angasan's case was not "newly discovered" under the *Salinas* test.

Accordingly, the superior court properly concluded that, of the four affidavits that Angasan submitted in support of his motion for a new trial, none of them qualified as "newly discovered" evidence under the *Salinas* test. The superior court could therefore deny Angasan's new trial motion on the pleadings.

### Angasan's remaining claim

Apart from his motion for a new trial, Angasan argues that his conviction must be reversed because the trial judge refused to allow Angasan's defense attorney to introduce evidence tending to show that the thirteen-year-old victim had engaged in other "sexualized behavior"—in particular, sending text messages with sexual overtones to a "guy in Florida".

But the defense attorney did not offer this evidence directly. Rather, the defense attorney only sought conditional admission of this evidence.

The information in question was included in the report prepared by the nurse who examined and interviewed the victim follow-ing the allegation of sexual abuse. At trial, Angasan's attorney argued that *if* the State introduced the nurse's report, then, under the principle of testimonial completeness, the jury should be apprised of the portion of the report where the nurse described the victim's "sexualized behavior".

Angasan's trial judge initially ruled that this portion of the nurse's report was not particularly relevant, and that this portion would be excised from the report when the State offered the report into evidence. However, the judge invited the defense attorney to renew his request "if ... something comes up that makes [this evidence] more pertinent to the issues [in dispute]."

But the situation changed later in the trial—because, when the prosecutor called the nurse to the stand, the prosecutor made no attempt to introduce the nurse's report, and Angasan's attorney never raised the issue again. Indeed, at the end of the trial, the prosecutor noted on the record that he had not introduced the nurse's report, and Angasan's attorney responded, "Oh, so that whole argument is moot."

Given these circumstances, Angasan's attorney failed to preserve an objection to the trial judge's preliminary ruling on the admissibility of this portion of the nurse's report.

### Conclusion

The judgement of the superior court is AFFIRMED.