NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

GARETH R. DEMOSKI,

                            Appellant,

            v.

STATE OF ALASKA,

                            Appellee.

Court of Appeals No. A-12620
Trial Court No. 4FA-13-01862 CI

O P I N I O N

No. 2652 — August 23, 2019

Appeal from the Superior Court, Fourth Judicial District, Fairbanks, Bethany S. Harbison, Judge.

Appearances: Michael Horowitz, Law Office of Michael Horowitz, Kingsley, Michigan, under contract with the Office of Public Advocacy, Anchorage, for the Appellant. RuthAnne B. Bergt, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth and Kevin G. Clarkson, Attorneys General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Suddock and E. Smith, Senior Superior Court Judges.[*]

Judge SMITH.

---

[*] Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

Gareth R. Demoski appeals the superior court's dismissal of his application for post-conviction relief. On appeal, Demoski concedes that the superior court correctly ruled that the petition for post-conviction relief filed by Demoski's attorney was barred on procedural grounds. But Demoski contends that because the petition appeared to be frivolous on its face, and because his attorney failed to offer any substantive explanation for why it was not frivolous, Demoski is entitled to a remand ordering the attorney to file a certificate of no merit or otherwise to cure the defect in the petition. We agree, and we remand the case for further proceedings.

*Factual and procedural background*

Demoski was charged with several felonies arising from his alleged sexual assaults of three women over the course of a year. These charges were consolidated for trial. A jury convicted Demoski of the charges relating to two of the women, but was unable to reach a verdict on the charges relating to the third woman.[1]

Demoski appealed his conviction to this Court, arguing that the charges were improperly joined in a single indictment in violation of Alaska Criminal Rule 8(a), and that, even if the charges were properly joined in the indictment, the trial court should have granted Demoski's motion to sever under Alaska Criminal Rule 14. We rejected both arguments.[2]

Demoski then filed a pro se application for post-conviction relief. Demoski was appointed counsel, who reviewed the trial transcripts, court files, and appellate briefs

---

[1] *Demoski v. State*, 2012 WL 4480674, at *1 (Alaska App. Sept. 26, 2012) (unpublished).

[2] *Id.*

and then filed an amended application for post-conviction relief alleging ineffective assistance of trial counsel.

After this, Demoski's attorney reviewed additional trial files and spoke with trial counsel. He then filed a second amended application for post-conviction relief in which he abandoned his ineffective-assistance-of-counsel claim. In this amended application, he alleged that "Demoski's conviction was in violation of both federal and state constitutions, and the laws of Alaska, based on the unconstitutional joinder of the three separate offenses, resulting in a denial of his rights to due process of law and a fair trial." The attorney's only explanation of this change was that he had "concluded, in good faith, that the initial claims of ineffective assistance of counsel would not be successful" and that he was "doing [Demoski] no good by pursuing the ineffective assistance of counsel angle."

The State moved to dismiss Demoski's second amended application, arguing that Demoski's improper joinder claim was procedurally barred because it had been, or could have been, raised on direct appeal.[3] Demoski's attorney filed a skeletal opposition that made no substantive response; instead, he simply asserted that the second amended application complied with relevant state laws and court rules.

The superior court agreed with the State that Demoski's joinder claim was procedurally barred, and the court granted the State's motion to dismiss.

Demoski now appeals. On appeal, Demoski concedes that the improper joinder argument made by his attorney was procedurally barred. Instead, Demoski argues that he is entitled to a remand under our opinion in *Tazruk v. State*.[4] We agree

---

[3]   *See* AS 12.72.020(a)(2).

[4]   *Tazruk v. State*, 67 P.3d 687 (Alaska App. 2003).

with Demoski. To explain why, we first need to discuss Alaska Criminal Rule 35.1(e)(2) and our opinions in *Tazruk* and *Griffin v. State*.[5]

*Criminal Rule 35.1(e)(2), Griffin, and Tazruk*

Alaska Criminal Rule 35.1 sets forth the procedural rules for post-conviction relief proceedings. Subsection (e)(1) of Rule 35.1 provides that an indigent applicant shall be appointed counsel. Subsection (e)(2) explains that upon being appointed to a post-conviction relief case, counsel has three options: (1) counsel may proceed on the claims alleged in the original application; (2) counsel may file an amended application; or (3) counsel may file a certificate of no merit stating that the claims presented in the original application have no arguable merit, and that the applicant has no other colorable claims for post-conviction relief.

In *Griffin v. State*, we held that a certificate of no merit filed under Criminal Rule 35.1(e)(2) "must fully explain why the attorney believe[d] that the petitioner has no colorable claim to post-conviction relief[,]" including a "full explanation of all the claims the attorney has considered and why the attorney has concluded that these claims are frivolous."[6] We explained that this was necessary in order to assure that the court could "meaningfully assess and independently evaluate the attorney's assertion that the petitioner has no arguable claim to raise."[7] (This requirement is now codified in Criminal Rule 35.1(e)(3).)

We have recognized that the procedure described in *Griffin* can be an onerous one, and that an attorney might attempt to avoid this procedure by instead filing

---

[5] *Griffin v. State*, 18 P.3d 71 (Alaska App. 2001).

[6] *Id.* at 77.

[7] *Id.*

frivolous claims or by allowing a pro se litigant's facially inadequate application to go forward without amendment.[8] We faced such a situation in *Tazruk*.[9] Tazruk filed a pro se application for post-conviction relief, and his court-appointed attorney elected to proceed on the pro se application.[10] The State moved to dismiss the petition, arguing that Tazruk had failed to present a prima facie case. Tazruk's attorney did not respond to the State's argument, and the superior court dismissed the petition, essentially finding that it was deficient on its face.[11]

On appeal, Tazruk's appellate attorney did not challenge the superior court's dismissal of his application. Instead, the attorney filed an *Anders* brief — a brief stating that the appeal had no arguable merit.[12]

We agreed with the superior court's conclusion that the petition was facially deficient, but this did not end our inquiry into Tazruk's case. We reasoned that, on the record before us, Tazruk's post-conviction relief attorney either did not realize that Tazruk's claims were facially inadequate, in which case Tazruk did not receive effective assistance of counsel, or the attorney knew that Tazruk's claims were facially inadequate and so should have filed a no-merit certificate as required by Criminal Rule 35.1(e)(2) and *Griffin*. Because "[t]he record show[ed] only the attorney's inaction and ultimate concession of defeat," that record was "insufficient to allow the courts to carry out their

---

[8]  *Tazruk*, 67 P.3d at 694 (Coats, J., concurring).

[9]  *Id.* at 688.

[10]  *Id.* at 688-89.

[11]  In particular, the trial court found that one of the claims was factually inaccurate, one was legally inaccurate, two were unsupported by any reasons or evidence, and one (alleging ineffective assistance of counsel) was not accompanied by the required affidavit from the trial attorney. *Id.* at 689-90.

[12]  *Id.* at 692 (Coats, J., concurring); *see Anders v. California*, 386 U.S. 738 (1967).

constitutional duty to make sure that an indigent petitioner receives zealous and competent representation."[13] We accordingly remanded the case to the superior court so that the attorney could file a no-merit certificate that complied with *Griffin*.

Our rationale in *Tazruk* is not limited to cases where an attorney elects to proceed on an applicant's deficient original pro se complaint. For example, we have applied the same reasoning to a situation where counsel filed an amended application for post-conviction relief that was deficient on its face, and counsel did not respond substantively to the State's opposition.[14] We have also applied *Tazruk* to a case, similar to this one, where the attorney relied on an application filed by the petitioner that appeared to be procedurally barred, without further explanation.[15] Our focus has been on whether the petition before the court was plainly deficient on its face, whether the attorney sought to defend the petition, and whether the record revealed that the attorney had investigated or analyzed the petitioner's claims or potential claims.[16]

---

[13]   *Tazruk*, 67 P.3d at 691.

[14]   *Vann v. State*, 2016 WL 936765, at *1 (Alaska App. Mar. 9, 2016) (unpublished).

[15]   *Duncan v. State*, 2008 WL 5025424, at *3 (Alaska App. Nov. 26, 2008) (unpublished).

[16]   *See id.*; *see also Beshaw v. State*, 2012 WL 1368146, at *6 (Alaska App. Apr. 18, 2012) (unpublished) (counsel did nothing to remedy obvious deficiencies in a pro se PCR application despite being provided opportunities to do so by the trial court, and the record was silent as to the attorney's efforts to investigate or analyze the claims); *cf. David v. State*, 372 P.3d 265, 271 (Alaska App. 2016) (analyzing the same factors but finding relief under *Tazruk* not warranted); *Charley v. State*, 2005 WL 2861694, at *3 (Alaska App. Nov. 2, 2005) (unpublished) (same); *Baker v. State*, 2006 WL 438687, at *2-3 (Alaska App. Feb. 22, 2006) (unpublished) (same); *Van Doren v. State*, 2012 WL 1232610, at *2-3 (Alaska App. Apr. 11, 2012) (unpublished) (same); *Alexia v. State*, 2018 WL 921535, at *3-4 (Alaska App. Feb. 14, 2018) (unpublished) (same).

Our decision in *Tazruk* is equally applicable here. Demoski's attorney filed an amended application that any competent attorney would have recognized as procedurally barred. When the State pointed this out, Demoski's attorney failed to provide any substantive response — that is, he failed to offer any argument for why the claim was not procedurally barred. Necessarily, Demoski's attorney either failed to realize that Demoski's claim was procedurally barred, or else Demoski's attorney, aware that the improper joinder argument was frivolous, should have filed a no-merit certificate as required by *Griffin* and Criminal Rule 35.1(e). As in *Tazruk*, the record before us is insufficient to assure that Demoski received zealous and competent representation. The same remand we ordered in *Tazruk* is therefore necessary in this case.

We accordingly remand this case to the superior court to direct Demoski's attorney to "provide the court with a full explanation of all of the claims the attorney has considered and why the attorney has concluded that these claims are frivolous."[17] If counsel provides this explanation, the superior court shall allow Demoski to file a response and then consider the merits of the issue. Alternatively, if counsel concludes there are non-frivolous claims that may be raised, he may file an amended application for post-conviction relief asserting those claims.

*Some additional guidance to trial courts about facially frivolous post-conviction relief petitions*

In *Tazruk* we held that the superior court properly dismissed Tazruk's petition, but we nonetheless remanded his case for further proceedings because the record was insufficient for us to fulfill our constitutional obligation to ensure that indigent post-conviction relief litigants receive zealous and competent representation.

---

[17] *Griffin v. State*, 18 P.3d 71, 77 (Alaska App. 2001); *see also* Alaska R. Crim. P. 35.1(e)(3).

We now emphasize that this constitutional obligation to ensure that indigent post-conviction relief litigants receive zealous and competent representation applies equally to trial courts. When an attorney files an application for post-conviction relief that appears to be facially defective, and when that attorney fails to offer any substantive explanation for why it is not defective, the trial court's dismissal of the application without further action leaves open the possibility that the applicant has not received effective assistance of counsel.[18]

Leaving this issue unresolved can, and often does, lead to an appeal, as in this case. Such an appeal may protract resolution of the application for a substantial time, for no good purpose — the end result may be a remand to the superior court to resolve the effective assistance of counsel issue that the trial court could have resolved far earlier.

Accordingly, when confronted by an application for post-conviction relief that appears to be facially deficient, and when the attorney has failed to offer any substantive explanation for why the application is not facially deficient, we encourage trial judges to hold a hearing to determine whether the applicant's attorney will elect to cure the defect, or instead to file a certificate of no merit.

*Conclusion*

The decision of the trial court is REMANDED to the superior court. On remand, Demoski's attorney shall provide the superior court with a detailed explanation

---

[18] A petition that is "plainly deficient on its face" generally will fall into one or more of the following narrow categories: 1) the claims clearly are procedurally barred; 2) the claims clearly are factually inaccurate (as in *Tazruk*); 3) the claims are unsupported by any evidence or argument; or 4) the petition alleges ineffective assistance of counsel, but does not contain either the required affidavit from trial counsel or an explanation as to why the affidavit could not be obtained.

of why he concluded that Demoski's claims had no arguable merit. If it appears to the superior court that Demoski's attorney reached this conclusion without a competent investigation of the case, the superior court shall vacate its dismissal of Demoski's petition and shall appoint a new attorney to represent Demoski. If it appears to the superior court that Demoski's attorney did engage in a competent investigation of the case and reasonably concluded that Demoski had no colorable claim for post-conviction relief, the superior court shall allow Demoski to respond and argue to the contrary. The superior court shall notify us of its findings and actions within 120 days of the issuance of this opinion. This deadline can be extended for good cause. We retain jurisdiction of this appeal.